**Fred Willie DEVAULT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42490.**

Court of Criminal Appeals of Texas.

Jan. 7, 1970.

Ney Wade, Dallas, for appellant.

Henry Wade, Dist. Atty., John Tolle, Camille Elliott, James P. Finstrom, Charles Caperton and Kenneth Blassingame, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for theft of edible meat; the punishment, four years.

The record reflects that appellant took some forty cases of precooked hams and twenty-five boxes of bacon from Samuel's Packing Company in Dallas.

Appellant first contends that the evidence is insufficient to show that the hams were edible meat. Lester Hayes testified that he worked at the packing company, and

that he saw appellant loading the hams and that they were edible. On cross-examination, he testified that he had not eaten any of the meat that was taken by appellant, but the meat on the dock that night was good meat.

Akin Fain testified that he was the packing plant superintendent and that some fifteen hundred or sixteen hundred pounds of boneless waldorf hams and twenty-five boxes of bacon were missing, and that this was edible meat. He testified on cross-examination that he had not personally inspected the stolen meat, but people were stationed at different checkpoints to inspect their products.

There was sufficient evidence to show that the meat was edible.

■ Appellant contends that Lester Hayes, the only eye-witness, was an accomplice witness as a matter of law under Article 38.14, Vernon's Ann.C.C.P., and that his uncorroborated testimony is insufficient to support the conviction.

Hayes testified that he was working at night and during a short break when he was on his way to a store he heard the guard tell appellant to make that his last load, because another guard would be taking his place soon. The witness testified that appellant put a package in the blue 1953 Chevrolet automobile and that some forty cases of hams were taken from a pallet on the loading dock. Hayes then asked appellant if he still worked there, and appellant said that he had another job. After appellant ascertained that none of the other workers had seen him, he told Hayes that he had a deal with the guard. Then the following transpired:

"Q. (Mr. Caperton, Assistant District Attorney) Did he make any offer to you at that time?

"A. (Hayes) Well, he just, after he came back to the dock from back there at the car, he just, he came up there and he gave me $10.00 and said, you know, for me to just keep things quiet, you know, not be seen, which I didn't see too much of nothing, but he gave me that and told me that he was going to be leaving right away.

"Q. Okay, and then what did you do?

"A. Then I left, going back over in my department, shipping department, then I met Tony Williams and then Tony, I guess he was trying to see who was back there, too, he turned around and goes and calls the police. Then about that time Freddie was gone.

"Q. Did you tell Tony Williams what had happened?

"A. Yeah."

The evidence shows that the witness Hayes took none of the meat, did not encourage the commission of the crime or attempt to conceal the crime. The witness, after receiving the ten dollars, immediately told his foreman that appellant had taken the meat. There is no showing that the witness gave false information to aid appellant in any way. There is no evidence that he was particeps criminis or that he had been indicted as a principal, accomplice or accessory.

■ The rule is that if there is not enough evidence to support a charge against a witness as either principal, accomplice or accessory, he is not an accomplice witness as a matter of law. Vela v. State, Tex. Cr.App., 373 S.W.2d 505.

There was no complaint that the court did not charge that Hayes was an accomplice as a matter of law or submit the issue for the jury to determine if he was an accomplice as a matter of fact.[1]

1. See 2 Branch's Ann.P.C.2d, Sec. 741, p. 38; and Nisbet v. State, 170 Tex.Cr.R. 1, 336 S.W. 2d 142.

Appellant testified that he was present at the plant on the night in question, but that he did not steal any meat. He further testified that he did not see Lester Hayes that night, and he did not acquire a blue 1953 Chevrolet automobile as described by Hayes until some ten days later. On cross-examination, he testified that he had been previously convicted for the offense of forgery in 1964 and for theft of United States mail in 1965.

L. W. Campbell testified that he was in the automobile business, and that he sold appellant a blue 1953 Chevrolet automobile on December 5, 1968 (thirteen days before the theft).

The evidence is sufficient to support the conviction; no reversible error is shown.

The judgment is affirmed.