Tomas Perez **MENDIETTA**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 44977.**

Court of Criminal Appeals of Texas.

March 1, 1972.

Richard E. Anderson, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., and Calvin Botley, Intern, Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from an order revoking probation.

On May 5, 1969, appellant entered a plea of guilty before the court to the offense of burglary with intent to commit theft. Punishment was assessed at seven years, but the imposition of sentence was suspended and appellant was granted probation.

Among the conditions of probation was the requirement that the appellant "(c) avoid persons or place of disreputable or harmful character."

On November 23, 1970, the State filed a motion to revoke probation. A first amended motion was filed January 7, 1971, alleging that appellant "failed to avoid persons or places of disreputable character."

On February 7, 1971, a hearing was held and the court revoked probation.

Appellant contends that the court abused its discretion in revoking the probation, in that the evidence was insufficient to support such order.

Officer E. P. Rivera, of the Houston Police Department, testified as follows:

"Q Have you had occasion from the period May 5, 1969, until May 28, 1970, did you have occasion to see Mr. Mendietta (appellant)?

"A Yes, sir, several times.

* * * *

"Q Tell us about the first time you saw him out there.

"A He was in a car on McCarty Drive when I saw him one day.

"Q Who was he with?

"A Robert Ramirez and a woman by the name of Frances.

"Q Were you acquainted with Robert Ramirez?

"A Yes, sir, I put him in the penitentiary before.

"Q You know of your own personal knowledge that Mr. Ramirez had been in the penitentiary?

"A Yes, sir.

"Q And when was the second time you saw Mr. Mendietta in this period of time?

"A I saw him on Washington Avenue.

"Q Approximately when was that?

"A In November, '69, I believe it was.

"Q All right. What was he doing out on Washington Avenue?

"A He was with Robert Ramirez and Rubin Espino.

"Q You have already told us that you know Robert Ramirez. Who is Rubin Espino?

"A I handled him for several burglaries, and he was on ten years probation then.

"Q You know for a fact Mr. Espino had been convicted and was on probation?

"A Yes, sir.

"Q Did you have a conversation with Mr. Mendietta at that time?

"A Yes, sir, we did.

"Q What did you say to him?

"A Well, I talked to him about him being on probation and being with Robert and Rubin Espino, that he knew that they were—I asked him if he knew Rubin was on probation and Robert was an ex-convict.

"Q All right, what did he say?

"A He did.

"Q He knew they were?

"A Yes, sir."

Appellant cites Jackson v. State, 464 S. W.2d 153, in support of his contention that the court abused its discretion in revoking appellant's probation. In Jackson, this Court said:

"Likewise, we cannot conclude the evidence is sufficient to reflect that appel-

lant violated the condition of probation that he 'avoid persons * * * of disreputable or harmful character.' The State alleged this condition was violated by being in the company of Clyde McKnight on or about September 30, 1969, and the court specifically found such violation occurred on that date. Assuming the evidence is sufficient to show that McKnight was a person of disreputable or harmful character, the record does not reflect that the appellant knew McKnight bore such reputation, or that before the night of October 2, 1969, the two had ever seen each other. It would be difficult to conclude that the brief conversation the two had before the officers arrived would constitute a violation of probationary condition involved under the circumstances presented."

In Steed v. State, 467 S.W.2d 460, this Court held being twice in presence of a person with police record, where no knowledge of such record is shown, will not support revocation of probation for failure to avoid persons of disreputable or harmful character.

In the recent case of Shortnacy v. State, 474 S.W.2d 713, this Court held the trial court abused its discretion in revoking probation on ground that accused had been in company of a person of harmful and disreputable character, in absence of evidence that defendant knew the person in whose company he had been seen bore reputation of being a disreputable and harmful character. See Prince v. State, 477 S.W.2d 542, (Tex.Cr.App., 1972).

Unlike Jackson, Steed, and Shortnacy, there is evidence that appellant knew Robert Ramirez was an ex-convict. Further, there was testimony that appellant had been seen with Ramirez on two occasions during the time he was on probation. In addition, appellant admitted to Officer Rivera that he knew Rubin Espino was on probation.

We reject appellant's contention that the trial court abused its discretion in revoking appellant's probation on the ground that the evidence was insufficient to support such order.

The judgment is affirmed.

Opinion approved by the Court.