E. Craig CARNATHAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 44640.

Court of Criminal Appeals of Texas.

March 8, 1972.

Rehearing Denied April 26, 1972.

Emmett Colvin, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., and Robert Baskett, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for indecent fondling of a person under the age of fourteen years. The punishment was assessed by the jury at five years.

Initially appellant complains that the evidence is not sufficient to sustain the conviction.

The record reflects that in the summer of 1969, Michael Thompson and his friend, Cliff Slaughter, both eight years old went to appellant's home to watch him work on an airplane. They were all neighbors. At that time, the appellant exposed himself and fondled the Thompson boy and then the Slaughter boy. Thompson, the complaining witness, was fondled by appellant several times that summer and on each occasion the Slaughter boy was present. Neither boy reported the incident or subsequent events until questioned some months later by Dallas City Police Officer Bullock, although both admitted they knew it was wrong to allow the appellant to fondle their private parts.

Testifying in his own behalf, appellant, age 43, denied that he had fondled either boy. Likewise, he denied that he had fondled two other neighborhood boys. In rebuttal, these boys testified that he had.

The court instructed the jury on the law as to accomplice witnesses and submitted as fact issues to the jury whether the Thompson and Slaughter boys were accomplice witnesses. The jury was charged that one accomplice witness cannot corroborate another.

It is appellant's contention that these two boys were accomplice witnesses as a matter of law and that their testimony was not sufficiently corroborated. See Article 38.-14, Vernon's Ann.C.C.P.

" . . . Generally speaking, . . . one who participated or assisted in the commission of the offense with which the accused is charged, so as to be guilty of the crime himself, will be deemed to be an accomplice within the meaning of the statute requiring corroboration of accomplice testimony." 24 Tex.Jur.2d, Evidence, § 690, p. 308.

An accomplice witness has also been described as a person, who, either as a principal, accomplice, or accessory, was connected with the crime by unlawful act or omission on his part, transpiring either before, at the time of, or after the commission of the offense, and whether or not he was present and participated in the crime. See Article 38.14, supra, n. 2.

Thus, it has been said that the rule requiring corroboration of accomplice testimony does not apply to one whose connection with the offense was not such as to render him punishable under the statute denouncing the offense. See 24 Tex.Jur. 2d, Evidence, § 690, p. 311, n. 17; Devault v. State, 449 S.W.2d 235 (Tex.Cr.App. 1970).

" . . . Furthermore, even though the witness was an actor in the criminal transaction, he is not regarded as an accomplice if he did not act knowingly or willingly, *or if he was too young to be criminally responsible.*" 24 Tex.Jur.2d, Evidence, § 690, p. 313 (emphasis supplied).

Article 30, Vernon's Ann.P.C., § 1 (Suppl.1972), provides that:

"Section 1. No person may be convicted of any offense, except perjury,

which was committed before he was 15 years of age; and for perjury only when it appears by proof that he had sufficient discretion to understand the nature and obligation of an oath." Acts 1967, 60th Leg., p. 1086, ch. 475, § 7.

Prior to its amendment in 1967 Article 30, supra, provided that no child between the ages of 9 and 13 years could be criminally responsible for any offense committed unless it shall appear that such child "had discretion sufficient to understand the nature and illegality of the act."

In Slusser v. State, 155 Tex.Cr.R. 160, 232 S.W.2d 727 (1950), the "correct rule" to determine whether a child witness was an accomplice witness was discussed.[1]

In Gottschalk v. State, 157 Tex.Cr.R. 276, 248 S.W.2d 473 (1952), a 13 year old boy was held to be an accomplice witness. In Hinson v. State, 211 S.W.2d 750 (Tex. Cr.App.1948), the witness was eleven. In Gallager v. State, 131 Tex.Cr.R. 254, 97 S. W.2d 954 (Tex.Cr.App.1936) and Gottschalk v. State, 157 Tex.Cr.R. 276, 248 S. W.2d 473, at 476 (1952), the witnesses were 14 or almost 14 years of age. All of these witnesses were determined to be accomplice witnesses under the particular facts of each case.

We need not in the instant case determine what effect, if any, the amendment to Article 30, supra, may have upon these holdings.

The two boys in question were eight years old at the time of the trial. Their exact age at the time of the alleged offense the summer before is not reflected by the record. It would appear that they were too young to be criminally responsible or to be classified as accomplice witnesses either as a matter of fact or law. We do not, however, rest our decision upon such conclusion.

■ The appellant was charged with fondling the Thompson boy. While present, there is no showing that the Slaughter boy had any complicity in the specific incident made the basis of the prosecution.

In McClanahan v. State, 394 S.W.2d 499, at 504 (Tex.Cr.App.1965), it was written that

" . . . If a state's witness has no complicity in the offense for which an accused is on trial, his testimony is not that of an accomplice whatever may have been his complicity with the accused in the commission of other offenses."

See also Griffin v. State, 159 Tex.Cr.R. 142, 261 S.W.2d 838 (1953) and Young v. State, 159 Tex.Cr.R. 302, 263 S.W.2d 164 (1953).

Appellant's initial contention is without merit.

1. In Slusser v. State, 155 Tex.Cr.R. 160, 232 S.W.2d 727, 732 (1950), the court stated:

"We conceive the correct rule to be that as to a child witness:

"(1) Each case must be considered upon its own facts in determining whether the witness is to be considered a victim of the unlawful act of another or as a participant therein, and therefore an accomplice.

"(2) If inferences are to be indulged, the correct inference would be that a child over nine and under thirteen years of age possesses sufficient discretion and knowledge to be an accomplice.

"(3) If from the evidence, a question is raised as to whether the child between the ages of nine and thirteen years voluntarily participated in the criminal act, or as to whether such child, so participating, is possessed of sufficient discretion to know the act to be criminal, and to have the necessary criminal intent, such issue or issues should be submitted to the jury in order that the jury may, by resolving such issue, determine whether the witness is to be considered an accomplice witness.

"(4) If the record as a whole shows that the child witness has such discretion, and voluntarily participated in the unlawful act, then the testimony of the witness should be dealt with as that of an accomplice witness."

Grounds of error No. 2 through 6 complain of the prosecutor's jury argument.

We observe that in each instance complained of the objection was sustained and the jury instructed to disregard although the mistrial motions were overruled.

At the guilt stage of the trial, appellant contends the prosecutor was arguing outside of the record and injecting new facts when he stated (referring to the Thompson boy):

"If it wasn't true, if his people didn't really want justice to be meted out to that man right there which he deserves just as well as anyone who ever sat in that chair he's sitting in, they wouldn't' have that boy down here, down here four times and other boys, too. It's a reasonable deduction."

■ This argument followed that of appellant's counsel who argued that testimony of the Thompson and Slaughter boys was inconsistent and vague and not trustworthy; that if the jury had seen them in the hallway and observed their demeanor it might be possible to conclude they were enjoying the limelight, missing school to testify before the grand jury and in court and being able to talk about it at school.

It would appear that much of what the prosecutor said was invited, although he should not have inferred that the parents of the complaining witness believed his story. In view of the court's action described earlier, we perceive no reversible error.

■ All other complaints concern jury argument at the penalty stage of the proceedings. There appellant's counsel argued that the appellant was "the very person that Legislature had in mind when they passed the probation law many years back."

The prosecutor responded with "I'll take the facts of this case as aggravated and as dirty as they are, and take it down and respectfully present it to the Legislature, and I don't think anybody there would agree with Mr. Metcalfe on that." The argu-

ment clearly appears invited and in light of the court's subsequent action no error is presented.

■ Next, appellant complains of the following argument:

"Mr. Metcalfe comes up here and implies that those little boys were guilty of something acting as accomplices.

"Remember that complicated charge that we argued against that charge right there tries to lend guilt to these little boys; that he enticed them . . . . ."

The objection that it was a comment on the court's charge was sustained and the jury instructed to disregard. It should be remembered that this occurred at the penalty stage of the trial and the reference was to the charge given at the completed guilt stage of the trial. While counsel should never carry his disagreement with the court over questions of law to the jury in his argument, we perceive no error in light of the court's prompt action, nor can we conclude the appellant was prejudiced in view of our earlier discussion as to accomplice witnesses.

Lastly, appellant complains the court erred in refusing to grant a mistrial after the prosecutor advised the jury "in essence that persons on probation do not get revoked if they violate probation conditions."

■ In his argument, appellant's counsel mentioned some of the conditions of probation including "avoid persons and places of disreputable or harmful character" and then stated:

"If you violate one of these conditions, you come down and you don't have another jury trial, you come up in front of the court and if one of these is shown to have been violated, you're gone, you're gone, and the judge rules and that's it."

The prosecutor responded in his argument by saying,

"When is the last time that this court or any other court has revoked a probation

on account of someone hanging around with the wrong person, or when is the last time that the probation officer has visited in a criminal's home."

The remark was improper being "outside of the record" and inferring that probation is never revoked when based upon certain grounds,[2] but in light of the earlier statements by appellant's counsel that revocation of probation was swift and certain for any violation of probationary conditions, and in view of the prompt action of the court in sustaining the objection and instructing the jury to disregard, no reversible error is presented by the failure of the court to grant the motion for mistrial.

The judgment is affirmed.

---

2. See Mendietta v. State, 476 S.W.2d 682 (Tex.Cr.App.1972).