**Juan Jose HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55810.**

Court of Criminal Appeals of Texas, Panel No. 3.

March 28, 1979.

R. O. Burleson, Alpine, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS and TOM G. DAVIS, JJ., and CORNELIUS, Commissioner.

## OPINION

CORNELIUS, Judge.

Appellant was convicted of murder and sentenced to life imprisonment.

The state's evidence revealed that a robbery occurred at the Ramada Inn in Alpine on September 16, 1975. Robert Beard, the clerk on duty at the time, was shot in the head and killed. Palmira Hernandez, an accomplice to the crime, was granted immunity and testified for the state. She testified that she was a former employee of the motel and that Juan Hernandez, Alvaro Hernandez and she planned the robbery. In the planning stages, they obtained a butcher knife and a .22 caliber rifle. They agreed that Palmira would divert the Alpine Police by making a false report of an accident on a highway out of town, and they would "rob the motel" while the police were occupied in investigating the accident report. The report was made and the three then proceeded to the motel where Juan and Alvaro robbed the clerk, Juan wielding the knife and Alvaro the rifle. After the robbery, Alvaro told Juan and Palmira to leave. As they were running from the motel they heard Alvaro fire a shot, and then he exited the motel and fled the scene with them. Several days later Alvaro was arrested for another offense. The law enforcement officers became suspicious of Alvaro and Palmira, and after some questioning, Palmira agreed to testify for the state, and Juan and Alvaro were charged with Beard's murder. Palmira turned over to the police officers the .22 caliber rifle which had been used in the murder and which had been hidden in some weeds beside her home, and a spent .22 caliber shell found beside the deceased's body was identified as having been fired from that rifle. Alvaro was convicted in the District Court of Pecos

County of the murder and sentenced to life imprisonment. The instant case was tried in Crane County on a change of venue. Neither appellant nor any other witness for the defense testified.

Appellant's first ground of error is that the evidence is insufficient to corroborate the testimony of the acknowledged accomplice witness, Palmira Hernandez, and consequently the conviction cannot be sustained. We are compelled to agree. Article 38.14 of our Code of Criminal Procedure provides that a conviction cannot be had upon the testimony of an accomplice unless that testimony is corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense. The test to be used in determining if the accomplice testimony has been sufficiently corroborated is to eliminate the accomplice testimony from consideration, and if there is other incriminating evidence tending to connect the accused to the commission of the offense, there is sufficient corroboration. *Rogers v. State*, 461 S.W.2d 399 (Tex.Cr. App.1970); *Reynolds v. State*, 489 S.W.2d 866 (Tex.Cr.App.1972); *Dalrymple v. State*, 366 S.W.2d 576 (Tex.Cr.App.1963). The record here is absolutely devoid of any such incriminating evidence. There was no testimony, save that of the accomplice, which placed appellant at or near the scene of the crime. None of the money taken in the robbery was found in his possession. He did not flee from Alpine, but was arrested there some two days after the murder. No fingerprints or other identifying clues were found at the scene which would connect appellant with the offense. Although the spent .22 caliber shell was identified as having been fired by the rifle Palmira testified was used in the robbery and murder, there is no evidence tending to connect appellant with the gun. It did not belong to him, it was not shown (except by the accomplice testimony) to have ever been in his possession, and it was not found on his premises or in any place with which he was in any way connected. Compare *Deal v. State*, 508 S.W.2d 355 (Tex.Cr.App.1974). Under these circumstances, the accomplice testimony is not sufficiently corroborated, and by the mandate of Article 38.14, V.A.C.C.P., the conviction must be reversed and dismissed. It is so ORDERED.