**In the Interest of A. D. L. C.**

**No. 9199.**

Court of Civil Appeals of Texas, Amarillo.

April 16, 1980.

Wicks & Lee, J. Bonner Smith, Ralls, for appellant.

J. Billy Marley, Crosbyton, for appellee.

COUNTISS, Justice.

The appellant, A. D. L. C., fifteen years of age, was adjudicated a child engaged in delinquent conduct and committed to the Texas Youth Council.[1] The issue before this court is whether accomplice testimony of the child's participation in a felony offense was sufficiently corroborated. We conclude that it was not and reverse and remand.

In September 1979 a lumber yard in Ralls, Texas was burglarized. Entry was gained through a window and a small amount of money and merchandise was stolen. Shortly after the burglary, two other fifteen year-old children confessed to the crime and implicated A. D. L. C. Proceedings were instituted under Title 3 of the Texas Family Code seeking adjudications of delinquent conduct against the three children. They waived jury trial and agreed to a joint trial before the court.

A. D. L. C. denied the charges against him and did not testify. The other two children testified to the commission of the burglary and testified that A. D. L. C. participated in it with them. Their written confessions, admitted into evidence, were consistent with their testimony. One of the children testified the burglary was committed at approximately 9:00 p. m. on September 17, 1979, in Ralls.

Two other witnesses gave pertinent testimony concerning A. D. L. C.'s activities on the night in question. A local businessman saw A. D. L. C. with the other two children in Ralls at approximately 7:30 p. m. The father of one of the other children testified his son had permission to spend the night with A. D. L. C. He stated that he went to A. D. L. C.'s home about midnight to check on his son and was told the boys were asleep. There was no other evidence connecting A. D. L. C. with the crime and the admitted participants, or placing him in the vicinity where the crime occurred.

The trial court found the three children had engaged in delinquent conduct and, after a disposition hearing, committed A. D. L. C. to the custody of the Texas Youth Council. The trial court also concluded the two children testifying against A. D. L. C. were accomplices as a matter of law.

By one point of error A. D. L. C. contends, and we agree, that the testimony of the accomplice witnesses was not sufficiently corroborated by other evidence tending to connect the child with the alleged delinquent conduct. Section 54.03 of the Texas Family Code establishes various mandatory procedural and evidentiary rules for adjudication hearings involving children. As originally enacted, the section did not require corroboration of accomplice testimony. Accordingly, in *Matter of S. J. C.*, 533 S.W.2d 746, 748 (Tex.1976), *cert. denied*, 429 U.S. 835, 97 S.Ct. 101, 50 L.Ed.2d 100 (1976) the Court held that a child was not deprived of due process or equal protection when convicted on uncorroborated accomplice testimony, even though an adult could not have been convicted under Texas law on such evidence.

The 1979 Texas Legislature amended section 54.03 by adding the following sentence to subsection (e):

1. A child, for purposes of proceedings under the Texas Family Code is defined as a person who is:

    (A) ten years of age or older and under 17 years of age; or
    (B) seventeen years of age or older and under 18 years of age who is alleged or found

    to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age.
Tex.Fam.Code Ann. § 51.02(1) (Vernon 1975).

An adjudication of delinquent conduct or conduct indicating a need for supervision cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the child with the alleged delinquent conduct or conduct indicating a need for supervision; and the corroboration is not sufficient if it merely shows the commission of the alleged conduct.

Tex.Fam.Code Ann. § 54.03(e) (Vernon Supp.1980). The amendment is identical in substance to article 38.14 of the Texas Code of Criminal Procedure.[2] It is proper, therefore, to look to the decisions of the Texas Court of Criminal Appeals under article 38.-14 as guidelines for the interpretation of the amendment. The amendment also changes Texas law and eliminates *Matter of S. J. C.* as a binding precedent on this court.

The Court of Criminal Appeals has defined an accomplice witness as someone who has participated with another before, during or after the commission of a crime. *Villarreal v. State,* 576 S.W.2d 51, 56 (Tex. Cr.App.1978). Under that test the trial court correctly concluded in this case that the other two youths were accomplices as a matter of law. Thus, other evidence tending to connect the child with the alleged delinquent conduct was required under section 54.03(e) of the Texas Family Code.

The sufficiency of the corroboration for accomplice testimony in cases involving adults is determined by eliminating the accomplice testimony from consideration and examining the remaining evidence to ascertain whether there is evidence of an incriminating nature that tends to connect the accused with the commission of the crime. If there is such evidence, the corroboration is sufficient; if there is not, it is insufficient. *Hernandez v. State,* 578 S.W.2d 731, 732 (Tex.Cr.App.1979); *Ayala v. State,* 511 S.W.2d 284, 287 (Tex.Cr.App. 1974). The corroborative evidence is sufficient if its cumulative weight tends to connect the accused with the crime. It is not necessary that the corroborative testimony link the accused directly to the crime or that it be sufficient in itself to establish guilt. *Ayala v. State, supra,* at 287.

The presence of the accused in the company of the accomplice shortly before or after the commission of the crime is not, standing alone, sufficient corroboration. *Ayala v. State, supra,* at 287. Likewise, presence of the accused near the scene of the crime near the time of its commission is not, standing alone, sufficient corroboration. *Tompkins v. State,* 501 S.W.2d 132, 134 (Tex.Cr.App.1973). A combination of circumstances may suffice, however. For example, presence of the accused with the accomplice near the scene of the crime near the time of its commission has been held to be sufficient corroboration. *See Tompkins v. State, supra,* at 134. Also, presence of the accused either near the scene or with the accomplice, when coupled with other suspicious circumstances such as flight or unreasonableness of the hour, without reasonable explanation, has been held to be sufficient corroboration. *Id.* at 134.

We believe the foregoing standards for use and evaluation of accomplice testimony under article 38.14 of the Texas Code of Criminal Procedure are also applicable under section 54.03(e) of the Texas Family Code to cases involving children. Accordingly, we will apply them in this case.

Applying the standards to the evidence, we hold that the corroboration is insufficient. When the accomplice testimony is eliminated, there remains only evidence that A. D. L. C. was in the same city with the accomplices approximately an hour and a half before the burglary. The evidence does not establish the proximity of the scene of the alleged conduct to the location in the city where the children were seen together. There is also evidence the father of one of the accomplices was told

2. A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

Tex.Code Crim.Pro.Ann. art. 38.14 (Vernon 1979).

**386**

that his son and A. D. L. C. were asleep in the same house approximately three hours after the burglary. Again, the evidence does not establish the proximity of the house to the lumber yard. There is no evidence the three youths were together near the scene of the crime near the time of its commission and no other evidence tending to connect A. D. L. C. with the conduct in question.

The judgment of the trial court is reversed and the case is remanded.