Lester BOUTWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–82–240–CR(T).

Court of Appeals of Texas, Austin.

June 1, 1983.

Malcom C. Smith, Austin (retained counsel), for appellant.

Arthur C. Eads, Dist. Atty., Belton, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

EARL W. SMITH, Justice.

This is an appeal from a conviction for the offense of sexual abuse of a child. Tex. Pen.Code Ann. § 21.10 (1974). Trial was to a jury, which assessed punishment at 20 years' confinement in the Texas Department of Corrections and imposed a fine of $10,000 dollars.

Appellant initially assigned four grounds of error on appeal. Prior to the submission of the appeal on oral argument, appellant requested leave to file a supplemental brief containing five additional grounds of error. Leave to file the new brief was granted. Original grounds one through three attack the constitutionality of Tex.Pen.Code Ann. § 21.10 (1974) under the equal protection clause contained in the Fourteenth Amendment of the United States Constitution and art. I, § 3a of the Texas Constitution. Appellant's fourth ground of error attacks the trial court's failure to charge the jury that a witness was an accomplice as a matter of law. In appellant's first supplemental ground of error, (hereinafter referred to as number five), it is argued that the court erroneously denied appellant discovery of the juvenile records of a State's witness. Supplemental grounds two through four (hereinafter six, seven, and eight) assign error in the admission of certain extraneous offenses. The final supplemental ground of error (hereinafter nine) argues that the court erred in admitting into evidence two photographs. We will overrule all grounds of error and affirm the judgment of conviction.

The events precipitating appellant's trial and conviction arose on January 4, 1979. On that date, appellant, another adult male, and two minor males engaged in numerous acts of deviate sexual intercourse, acting in

various combinations of partners. The complainant, Mark Burkett, was a fifteen-year-old junior high school student.

Testimony given by a third adult male, Perry J. Lewis, and offered outside the presence of the jury, revealed that on the preceding day, January 3, 1979, the complainant, Mark Burkett, had engaged in deviate sexual intercourse with three adult males within a span of less than twenty-four hours. Specifically, Lewis testified that on that day Burkett had been at appellant's house with another man, Louis Herry. Burkett and the two adults engaged in deviate sexual intercourse. Later that night, the same thing occurred between Burkett, Herry, and Lewis. The events of January 3 were not the gravamen of appellant's conviction in this appeal.

On the day of the offense, Burkett left school at lunch time with fourteen-year-old Tony McDaniel. Stopping at Lewis' apartment, the pair went to appellant's house where the two young men and the two adult males engaged in what the prosecution argued, and appellant concedes, was a "gang bang" situation. Appellant's conviction stems from these events.

In grounds one and three, appellant argues that Tex.Pen.Code Ann. § 21.10 should be construed to permit appellant to use the defense of prior promiscuous conduct; else, he contends, this statute is in violation of the equal protection clause of the Fourteenth Amendment and Texas Const.Ann. art. I, § 3a. Texas Pen.Code Ann. § 21.10 provides:

(a) A person commits an offense if, with intent to arouse or gratify the sexual desire of any person, he engages in deviate sexual intercourse with a child, not his spouse, whether the child is of the same or opposite sex, and the child is younger than 17 years.

(b) *It is a defense to prosecution under this section that the child was of the opposite sex,* was at the time of the alleged offense 14 years or older, and had, prior to the alleged offense, engaged promiscuously in sexual intercourse or deviate sexual intercourse.

(c) *It is an affirmative defense to prosecution under this section that the actor was of the opposite sex* and was not more than two years older than the victim. (d) An offense under this section is a felony of the second degree. [emphasis added]

We note that under this provision, the defense of prior promiscuity and the affirmative defense of age proximity are permitted when the indecency is heterosexual in nature, but not when the indecency is homosexual in nature. Appellant's argument is that the statutory scheme invidiously discriminates against him, in that, had he been female and had he committed the same act, he would have been entitled to have the jury be charged on the defense of prior promiscuity. As the statute stands, he maintains, he was deprived of the defense of prior promiscuity simply because of his gender.

■■■ We disagree with appellant's argument, although we have no occasion to resolve the constitutionality of this statute. As the State has so ably pointed out in its brief, the evidence in this case would not have justified a charge on prior promiscuity—*even if appellant had been female* and had committed the same acts. When challenging the constitutionality of a statute, it is incumbent upon the defendant to show that in its operation, the statute is unconstitutional as to him in his situation; that it may be unconstitutional as to others is not sufficient. *Ulster County Court v. Allen,* 442 U.S. 140, 154–55, 99 S.Ct. 2213, 2223–24, 60 L.Ed.2d 777 (1979); *Parent v. State,* 621 S.W.2d 796, 797 (Tex.Cr.App.1981).

In *Parent v. State, supra,* the appellant was charged under § 21.10 with homosexual deviate sexual intercourse with a thirteen-year-old male. He argued on appeal that the limitation of the promiscuity defense of § 21.10(b) to heterosexual conduct unconstitutionally discriminated against him on the basis of sexual preference. The Court refused to address the appellant's constitutional argument, saying:

[t]he uncontroverted evidence in this case shows that the child was thirteen years

old at the time the offense was committed. To assert a Sec. 21.10(b) defense, however, it is necessary that the child be fourteen years or older at the time the offense is committed. *Even if the appellant had been engaged in heterosexual conduct rather than homosexual conduct, he could not assert a Sec. 21.10(b) defense in this case because of the child's age....* [emphasis added]

*Parent v. State, supra* at 797.

■ Similarly, appellant is not entitled to challenge the constitutionality of the promiscuity defense because the evidence offered to the court did not show that the complaining witness, Burkett, was promiscuous. Promiscuity connotes *a variety of consensual sexual conduct* with a variety of partners, and clearly excludes, for example, a single prior act of sexual intercourse. Searcy and Patterson, *Practice Commentary,* Tex.Pen.Code Ann. § 21.09 (1974). Moreover, we think that an element of *continuing conduct* extending over a reasonable period of time is implicit in the concept of promiscuity. A person is not promiscuous simply because he has engaged in several acts of sexual conduct within one twenty-four hour span. Our holding today is in line with the somewhat stricter standard of admissibility of evidence of previous sexual conduct that the Court of Criminal Appeals has adopted under Tex.Pen.Code Ann. § 21.13 (Supp.1982). *See* Vaught, *Rape—Admissibility of Victim's Prior Sexual Conduct: What is the Law in Texas?* 31 Baylor L.Rev. 317 (1979). Therefore, since Burkett's conduct did not rise to the level of "promiscuity," the trial court did not err in refusing to charge the jury on the defense of prior promiscuity. *See Parent v. State, supra.* Appellant's first and third grounds of error are overruled.

Appellant's second ground of error is that § 21.10 makes an unconstitutional distinction based on age. In summary, appellant argues that under this statute, two children of the same sex could be convicted of a felony for committing an act which, if they were adults, would be a misdemeanor under Tex.Pen.Code Ann. § 21.06 (1974).

Through the enactment of § 21.10, the Legislature has determined that persons *of any age* who commit homosexual acts upon children are subject to a greater range of criminal penalties than those who would engage in the same acts with consenting adults.

■ Appellant's ground of error two clearly attacks a classification based upon age. In such cases we think that a legislative classification must rest upon some ground of difference bearing a fair and a substantial relation to the object of the legislation. *City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 294, 102 S.Ct. 1070, 1077, 71 L.Ed.2d 152 (1982); *but compare United States Railroad Retirement Board v. Fritz,* 449 U.S. 166, 174–76, 101 S.Ct. 453, 459–60, 66 L.Ed.2d 368 (1980) *with Craig v. Boren,* 429 U.S. 190, 197–98, 97 S.Ct. 451, 456–57, 50 L.Ed.2d 397 (1976). Upon submission of this appeal at oral argument, appellant conceded that the State of Texas has an interest in affording protection to children up to the age of seventeen years. We hold that the age-based discrimination in § 21.10 furthers the State's interest in protecting children and that the statutory scheme bears a fair and substantial relation to the objects that the legislation was designed to accomplish. Appellant's second ground of error is overruled.

■ In appellant's fourth ground of error, he argues that the trial court erred in failing to charge the jury that Tony McDaniel, the complainant's fourteen-year-old companion, was an accomplice witness. If appellant's argument is correct, the court should have charged the jury that it could not convict appellant unless there was other evidence tending to connect him with the commission of the crime. *See* Tex.Code Cr.P.Ann. art. 38.14 (1979). In fact, such a charge was given by the court relative to another witness, Louis Herry, an adult. The court, however, was not bound to give an accomplice witness charge with respect to the witness, McDaniel, because even though a witness is an actor in a criminal transaction, he is not regarded as an accomplice if he is too young to be criminally

responsible. *Carnathan v. State,* 478 S.W.2d 490, 491 (Tex.Cr.App.1972). Under the provisions of Tex.Pen.Code Ann. § 8.07 (Supp.1982), McDaniel was too young to have been prosecuted for any offense that was committed at appellant's house. Accordingly, the court did not err in refusing appellant's requested charge. *Komurke v. State,* 562 S.W.2d 230, 233–34 (Tex.Cr.App. 1978). Appellant's fourth ground of error is overruled.

We will now address the additional grounds of error presented in appellant's supplemental brief.

Ground of error five (new ground one) argues that the trial court erred in denying appellant's motion for discovery of the juvenile records of a State's witness. Relying upon *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), appellant contends that reversal is required. Were the facts to be as appellant claims, we would be inclined to agree. However, the transcript indicates that appellant's discovery motion was granted. Although there is a document in the transcript which states "[i]t is ordered that Defendant's Plea—Trial Motion No. 7 to Discover Juvenile Records is *denied,* . . . this 30th day of April, 1979," and this document is signed by the judge, the order also reflects a hand-written notation by the judge that he *granted* appellant's motion on May 8, 1979. Moreover, on the court's docket sheet next to the date "5–14–79," the court wrote "MTN 7 for Discovery of Juvenile Records Granted."

In the face of these rulings, we hold that, at some time between April 30, 1979, and May 14, 1979, the trial judge changed his mind and granted appellant's motion. No other error is shown and this ground of error is overruled.

In grounds six, seven, and eight, appellant argues that the court erred in admitting evidence of extraneous sexual offenses through the testimony of three witness because "such evidence was not material or relevant to any issue in the case."

At trial, this evidence was first offered outside the presence of the jury, at which time the court ruled that it would be admissible. At the conclusion of this hearing, the court stated, "I will allow them to be admitted in the presence of the jury. *The defendant needs to reiterate his objection now to each of these as they come in turn.*" (emphasis added)

Shortly after each of the three witnesses took the stand, appellant's counsel made substantially the identical objection which he made outside the presence of the jury. That is, he objected to the admissibility of apparently all of each witness' testimony on the basis that:

> [t]he matter is too remote; identity is not at issue; there is no improbable defense; there is no issue of lacivious intent because the act involved, the intent is within the act itself; and the only purpose is to inflame and prejudice the jury.

The court overruled this multifarious objection three times, once as to each witness.

Appellant's complaint on appeal does not comport with his objection at trial; therefore, his ground of error is waived. *Rovinsky v. State,* 605 S.W.2d 578, 580 (Tex. Cr.App.1980); *Crocker v. State,* 573 S.W.2d 190, 205 (Tex.Cr.App.1978). Moreover, by each witness, substantially the same testimony was offered without objection. Error, if any existed, has been waived. *Crocker v. State, supra* at 201; *Mutscher v. State,* 514 S.W.2d 905, 922 (Tex.Cr.App.1974). Further, appellant raised the defense of alibi. The extraneous offenses were admissible in rebuttal of that defense. *Chambers v. State,* 601 S.W.2d 360, 362 (Tex.Cr.App. 1980); *Cameron v. State,* 530 S.W.2d 841, 844 (Tex.Cr.App.1975); *Ransom v. State,* 503 S.W.2d 810, 813–14 (Tex.Cr.App.1974).

In his last ground of error, appellant contends that the trial court erred in the admission of two photographs because they "were not relevant to any issue in the case and were highly prejudicial and harmful to the appellant." With respect to the first photograph, appellant objected "on the same reasons that [he] objected to the introduction of the extraneous offenses." This objection was too general to preserve any error. Further, appellant's complaint on

appeal does not comport with his objection at trial. If any error was made, it was not preserved for review. *Rovinsky v. State, supra* at 580; *Crocker v. State, supra* at 205.

Appellant's objection to the second photograph, though slightly more specific, is not the same as the objection he makes on appeal. He has preserved no right to complain. *Rovinsky v. State, supra* at 580; *Crocker v. State, supra* at 205. Appellant's last ground of error is overruled.

The judgment of conviction is affirmed.

SHANNON, J., not participating.