Nemecio CARMONA, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–83–029–CR.

Court of Appeals of Texas, Texarkana.

March 13, 1984.

Rehearing Denied April 10, 1984.

Robert J. Kuhn, Kuhn, Mallios & Doyle, Austin, for appellant.

Ronald Earle, Dist. Atty., Rosemary Lehmberg, Asst. Dist. Atty., Austin, for appellee.

BLEIL, Justice.

Nemecio Carmona appeals his aggravated kidnapping conviction. Carmona raises several issues, the most significant being whether the State's key witness—age 13 at the time of this offense—was an accomplice to the crime so that his testimony must be corroborated to support a conviction. We resolve this and other questions in favor of the State and affirm.

Shortly before 11:00 A.M. on June 27, 1980, 16 year old Elaine McQuistion was riding her bicycle in a residential area of Austin. At the same time Nemecio Carmona, age 17, was driving his mother's automobile in that area. With him were Ruben Tello, age 17, Faustino Gonzales, Jr., age 16, Carlos Marin, age 15, and Joe Garcia, age 13. While driving around drinking beer they spotted Elaine McQuistion. As they drove past her Tello told Carmona to slow down. When she rode by them Tello asked her if she wanted to go riding with them. She refused and continued on her way. They followed, pulled in front of her, got out of the car, and stopped her. They again asked her to go with them: she refused and attempted to ride away. They then grabbed her, hit her, and forced her into the automobile. She screamed and fought: Tello beat her. Several of the abductors threatened to kill her if she did not cooperate. They stripped her and Tello raped her on the rear floorboard while Marin held her feet. Then Marin raped her as Tello held her feet. When they arrived at Carmona's home they pulled into the driveway and carried her to a bedroom where they continued beating and raping her. Ultimately, Tello became angered by his victim's continued resistance and choked her to death.

The youths left her body in a nearby field. Later that night they put her body in the car trunk and drove to a rural area near Waco where they left her body. Before returning to Austin, either Tello or Carmona shot her through the head.

Joe Garcia, the State's key witness at trial, was the only one of the five youths involved who testified at trial. Carmona claims that Garcia was an accomplice and that therefore the State was required to corroborate his testimony. Tex.Code Crim.Proc.Ann. art. 38.14 (Vernon 1965) provides that a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed. An accomplice witness is someone who has participated with another before, during, or after the commission of a crime; one who cannot be prosecuted for the offense that the accused is charged with committing is not an accomplice witness. *Harris v. State*, 645 S.W.2d 447 (Tex.Cr.App.1983); *Villarreal v. State*, 576 S.W.2d 51 (Tex.Cr.App.1978). With certain inapplicable exceptions, no person may be prosecuted or convicted for an offense that he committed when younger than 15 years of age. Tex.Penal Code Ann. § 8.07 (Vernon 1973). Joe Garcia, 13 at the time of this offense, was not subject to prosecution or conviction. Because Garcia was too young to be criminally responsible at the time this offense was committed he was not an accomplice witness; therefore, no corroboration of his testimony was required. *Komurke v. State*, 562 S.W.2d 230 (Tex.Cr.App.1978), *overruled on other grounds, Cooper v. State*, 631 S.W.2d 508

(Tex.Cr.App.1982); *Boutwell v. State,* 653 S.W.2d 100 (Tex.App.—Austin, 1983, pet. granted). Accordingly, we determine that the testimony of Joe Garcia, without the necessity of corroboration, supports Carmona's conviction.

Other issues raised concern whether the court erred in failing to order an informant's identity disclosed; declaring Joe Garcia competent to testify; failing to allow Garcia to be questioned about pending burglary charges; failing to grant a new trial after the State did not disclose information concerning criminal charges against Garcia; allowing Carlos Marin's grand jury testimony to be admitted in evidence; and instructing the jury not to discuss the case with anyone other than friends and spouses. We now consider these issues.

■ Before the trial began Carmona asked the court to require the State to disclose the identity of a confidential informant. The informant did not participate in the offense and was not present when the offense was committed or when Carmona was arrested. Further, the informant was not a material witness. For these reasons, the court properly declined to order the informant's identity disclosed. *Carmouche v. State,* 540 S.W.2d 701 (Tex.Cr.App.1976).

■ During trial Carmona maintained that Joe Garcia was unable to comprehend the obligation of his oath as a witness and therefore was incompetent to testify. A child who does not understand the obligation of an oath is an incompetent witness. Tex.Code Crim.Proc.Ann. art. 38.06, § 2 (Vernon 1965). The trial court determines the competency of a child witness and we do not disturb that determination absent an abuse of discretion. *Garcia v. State,* 573 S.W.2d 12 (Tex.Cr.App.1978). Garcia indicated that he understood the obligation to tell the truth and that if he lied he was subject to punishment. The fact that Garcia was inconsistent at times is one item for the jury to consider in weighing his testimony. Based upon his entire testimony we find no abuse of discretion by the trial court in allowing Garcia's testimony.

■ Two different complaints concern charges pending against Joe Garcia. Carmona maintains that the trial court erred in not allowing impeachment of Joe Garcia about pending burglary charges. In December of 1980, Garcia was accused of burglary of a habitation and the juvenile court ordered his detention. The charge was later dismissed. A juvenile's record is ordinarily inadmissible for impeachment purposes. Tex.Fam.Code Ann. § 51.13 (Vernon 1975). And, because the charges against Garcia were dismissed, this is not an instance in which the Sixth Amendment right of confrontation requires that cross-examination of juvenile delinquency adjudications be allowed, as in the case of *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). Unless a final conviction exists, criminal offenses may not be used to impeach a witness in a criminal case. *Carrillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979); Tex.Code Crim.Proc. Ann. art. 38.29 (Vernon 1965).

■ Carmona also complains that because the State failed to disclose information concerning these criminal charges he therefore is entitled to a new trial. What is discoverable rests within the trial court's discretion. The legal standard is whether the evidence sought is material to an accused's defense. *Quinones v. State,* 592 S.W.2d 933 (Tex.Cr.App.1980). The State was not required to disclose information concerning Garcia's juvenile record because the information sought was not admissible for Garcia's impeachment. Therefore, the trial court did not err in refusing to grant a new trial.

■ While a codefendant's attorney was cross-examining Garcia, the grand jury testimony was offered into evidence and admitted without objection. The exhibit consists of the testimony of Joe Garcia and Carlos Marin before the grand jury. Apparently, Carmona's attorney did not realize that the exhibit contained the grand jury testimony of Carlos Marin until closing arguments. At that time he objected that the evidence was inadmissible and violated his right to confront the witness. We conclude that in failing to timely object

Carmona waived his right to complain on appeal. *Navajar v. State,* 496 S.W.2d 61 (Tex.Cr.App.1973); *Clark v. State,* 470 S.W.2d 869 (Tex.Cr.App.1971).

 Faustino Gonzales, Jr. was granted a mistrial. Because the trial court was concerned about prejudicing Gonzales' rights when he was tried again, it requested the jury not to discuss the case with anyone other than their friends and spouses. Carmona now claims that this prevented him from inquiring into any possible jury misconduct. The jurors had the right to refuse to talk with Carmona on their own. *Phillips v. State,* 511 S.W.2d 22 (Tex.Cr.App.1974). Further, the court only suggested to the jurors that it might be better for them to wait some time before discussing what occurred during their deliberations because Gonzales might be tried in the near future and excessive publicity could prejudice his rights in that trial. The judge specifically told the jurors that it was their decision and that he could not order them to refrain from these discussions. We find no error in this instruction. Even if this were error, any complaint on appeal was waived because Carmona made no objection to this instruction at the time of trial.

We affirm the judgment of conviction.