**In the Matter of J.R.R.**

**No. 2–85–003–CV.**

Court of Appeals of Texas, Fort Worth.

May 15, 1985.

Gossom & Cotton, and Thomas C. Cotton, Wichita Falls, for appellant.

Jeanmarie Baer, Wichita Falls, for appellee.

Before FENDER, C.J., and ASHWORTH, JORDAN and HOPKINS, JJ.

## OPINION

JORDAN, Justice.

Appellant, J.R.R., fourteen years of age at the time, was on November 5, 1984, adjudicated a child engaged in delinquent conduct and was found to be in need of rehabilitation, but was granted probation. This court is confronted with two issues: (1) whether a fifteen-year-old participant in the offense charged is an accomplice, and (2) if he is, was his testimony at trial sufficiently corroborated. Our answer to the first question is yes and to the second question it is no.

We accordingly reverse and remand.

By his first seven points of error appellant contends that there is insufficient evidence to support the trial court's finding that appellant was guilty of theft of three bicycles, and, next, that there is insufficient evidence to corroborate the testimony of an accomplice who was fifteen years old at the time.

On July 25, 1984, appellant, then a juvenile fourteen years of age, along with two other minors, was stopped about 5:00 a.m. by Wichita Falls police officers when the three minors were discovered riding three bicycles on a service road of an expressway. After checking with the manager of a store, it was discovered that three bicycles and some other items were missing, and the three minors were then arrested.

An adjudication hearing was held by the court on November 5, 1984. The two officers, Don Ewen, manager of the bicycle store, and T.S., one of the minors involved in the offense, testified. It is appellant's position, with which we agree, and with which the State on oral argument agreed, that, except for T.S.' testimony there is a complete lack of evidence connecting appellant to the theft of the bicycles on July 25, 1984.

The testimony of T.S., the fifteen-year-old participant in the offense, named appellant as one of the minors who took the bicycles from the store, knowingly and intentionally and without the effective consent of the manager, Don Ewen.

It is the State's contention that T.S. is not an accomplice, because as a fifteen-year-old juvenile, he could not be prosecuted as he is under seventeen years of age and the Juvenile Court of Wichita County had not waived jurisdiction and certified him for criminal prosecution in a district court. The State then says that since T.S. was not an accomplice, no corroboration was required. The trial court found as a fact and as a matter of law that T.S. was an accomplice. The court also found as a fact that there was sufficient evidence to corroborate T.S.' testimony.

In support of this proposition the State cites three cases: *Carnathan v. State*, 478

S.W.2d 490, 491 (Tex.Crim.App.), *cert. denied*, 409 U.S. 866, 93 S.Ct. 160, 34 L.Ed.2d 114 (1972); *Boutwell v. State*, 653 S.W.2d 100, 103 (Tex.App.—Austin 1983), *rev'd on other grounds*, No. 711–83 (Tex.Crim.App., April 24, 1985) (not yet reported); *Carmona v. State*, 670 S.W.2d 695, 697 (Tex.App.—Texarkana 1984, pet. granted).

The State's reliance on *Carnathan* is misplaced. *See Carnathan*, 478 S.W.2d 490. The court there held that one of two eight-year-old boys allegedly fondled by Carnathan was not an accomplice because under the evidence he had no complicity or involvement in the specific incident made the basis of the prosecution. *Id.* at 492. The statement in *Carnathan* with respect to the fact that the two eight-year-old boys were too young to be criminally responsible or to be classified as accomplice witnesses was pure dicta. *See id.* The court's decision, as seen above, was not based on that feature. *See id.*

*Boutwell*, also relied on by appellant, did hold that a juvenile too young to be prosecuted was not an accomplice, but in so holding, the court relied on *Carnathan*. *See Boutwell*, 653 S.W.2d at 103–04. As we have seen, *Carnathan* did not hold that a minor incapable of being prosecuted could not be an accomplice. *See Carnathan*, 478 S.W.2d at 492.

*Carmona* did, as the State asserts, hold that a thirteen-year-old boy, not subject to prosecution, was not an accomplice witness. *See Carmona*, 670 S.W.2d at 697. We do not agree with that holding and refuse to follow it.

TEX.CODE CRIM.PROC.ANN. art. 38.-14 (Vernon 1979) states:

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

■ An accomplice witness is one who has participated with another before, during or after commission of a crime. *Villar-*

*real v. State*, 576 S.W.2d 51, 56 (Tex.Crim.App.1978), *cert. denied*, 444 U.S. 885, 100 S.Ct. 176, 62 L.Ed.2d 114 (1979); *Skelton v. State*, 626 S.W.2d 589, 592 (Tex.App.—Texarkana 1981, no pet.). Generally speaking, it is true that one who cannot be prosecuted for the same offense for which the accused is being tried, is not an accomplice witness. *Villarreal v. State*, 576 S.W.2d at 56; *Chambers v. State*, 630 S.W.2d 413, 417 (Tex.App.—Houston [14th Dist.] 1982, no pet.).

■ The test to determine whether a witness is an accomplice is whether a prosecution will lie against him under the indictment by which the accused was charged. *Schoenberg v. State*, 624 S.W.2d 808, 810 (Tex.App.—Houston [14th Dist.] 1981, pet. ref'd). Whether an individual is an accomplice depends on whether the individual, acting with intent to promote or assist in the commission of the crime, solicits, encourages, directs, aids or attempts to aid in commission of the offense. *Albritton v. State*, 662 S.W.2d 377, 379 (Tex.App.—Beaumont 1983, pet. ref'd). T.S., the State's witness against appellant, under the evidence in this case, without question matched all of the criteria for an accomplice mentioned in *Albritton*. *See id.*

■ The Court of Criminal Appeals has apparently not ruled directly on the precise question before us. While, as previously indicated in this opinion, it is generally the rule that one who cannot be prosecuted for the same offense for which the principal defendant is being tried is not an accomplice, we do not believe that rule refers to legal disabilities, such as minority. In our opinion, the rule refers to presence at the scene of the crime and participation with the defendant in the commission of the crime. If he is there, acting and taking part in the commission of the crime, he is a participant and accomplice, even though a minor. The trial court held as a matter of fact and law that T.S. was an accomplice and we think that under these facts the court was correct.

Our interpretation of whether a minor participant in a crime is an accomplice finds support in *In Interest of A.D.L.C.*, 598 S.W.2d 383 (Tex.Civ.App.—Amarillo 1980, no pet.). In this case it was held that a fifteen-year-old appellant's adjudication as a delinquent must be reversed because the accomplice testimony of two other fifteen-year-old children was not sufficiently corroborated. *Id.* at 385–86. The trial court had held the two other fifteen-year-old witnesses were accomplices as a matter of law. *Id.* at 385. The Amarillo Court of Civil Appeals held specifically that under the test laid down in *Villarreal*, 576 S.W.2d at 56, the trial court correctly concluded that the other two youths were accomplices as a matter of law. *A.D.L.C.*, 598 S.W.2d at 385.

We agree with the *A.D.L.C.* court and hold that in the case before us, T.S. was also an accomplice, which required that his testimony be corroborated. *See id.; see also Matter of M.L., a Minor Child*, 602 S.W.2d 550, 553–54 (Tex.Civ.App.—Corpus Christi 1980, no pet.).

Since we have determined that T.S. was an accomplice, we must now decide whether his incriminating testimony against appellant was sufficiently corroborated. To determine the sufficiency of the corroborations, we are required, under the case law, to eliminate from consideration the evidence of the accomplice witness and then to examine the evidence of the other witnesses to see if there is evidence of incriminating character tending to connect the defendant with the commission of the offense. *Mitchell v. State*, 650 S.W.2d 801, 807 (Tex.Crim.App.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 985, 79 L.Ed.2d 221 (1984); *Bradford v. State*, 170 Tex.Crim. 530, 342 S.W.2d 319, 323 (1960); *King v. State*, 653 S.W.2d 913, 917 (Tex.App.—Corpus Christi 1983, no pet.)

Applying this test to the evidence in this case, we have no hesitancy in holding that the other ·testimony adduced by the State did not sufficiently corroborate the testimony of the accomplice T.S. He was the only witness who in any way connected appellant to the crime. Don Ewen, the manager of the business, testified only that three bicycles and other items were missing. One of the two police officer witnesses testified that he stopped and later arrested three juveniles riding bicycles about 5:00 a.m. on July 25, 1984. He never testified that one of these juveniles was the appellant. Neither the two police officers nor Don Ewen in any way connected appellant with the theft of the bicycles. The required corroborative testimony was insufficient.

Appellant's first seven points of error are sustained.

In his eighth point of error, appellant maintains that the trial court, in holding that T.S.' testimony was sufficiently corroborated, erroneously considered pretrial testimony. In view of our disposition of this case, we find it unnecessary to rule on this point, but we should point out that there is no evidence in this record to support such a contention.

The judgment of the trial court is reversed and the case is remanded.