forbes.opn 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00655-CV







In the Matter of T. F.







FROM THE COUNTY COURT AT LAW OF CALDWELL COUNTY


NO. 621-95CC, HONORABLE EDWARD L. JARRETT, JUDGE PRESIDING







 The juvenile T.F. appeals a judgment that he engaged in delinquent conduct by starting a
fire with the intent to destroy vegetation on certain open space land. See Tex. Fam. Code Ann. §
51.03(a)(1) (West 1996); Tex. Penal Code Ann. § 28.02(a)(1) (West 1994). The court placed him on
probation for one year with the Caldwell County Juvenile Probation Department, subject to standard terms
and conditions of probation. In two points of error, T.F. contends the evidence is legally insufficient to
support the finding that he engaged in delinquent conduct. We will affirm.



BACKGROUND


 On January 10, 1995, a fire burned grass and other vegetation on approximately ten acres
of undeveloped land in Lockhart, Texas. A local resident testified to seeing T.F. running from the field five
minutes before the field was engulfed in flames. A neighborhood boy saw T.F. crouched down in the field
and then saw him running from the field as smoke began to rise from where he had been crouching. Both
witnesses testified to seeing another boy they thought was T.F.'s brother in the field with him.

 J.H. testified that he, not T.F.'s brother, was in the field with T.F. when the fire began. J.H.
testified that he and T.F. were playing in a wooded area in the field. T.F. left the wooded area ahead of
J.H., whose clothing got caught on some brambles. When J.H. freed himself, he looked up to see smoke
rising near T.F.'s feet. J.H. saw a small fire. T.F. was looking down at the fire, smiling, and giggling. T.F.
told J.H. that a person in a blue flannel jacket lit the fire, then ran away, but J.H. saw no one else.

 When the boys could not extinguish the fire themselves, they ran to J.H.'s house to call the
fire department. As the boys were running, J.H. looked back over his shoulder in time to see T.F. tossing
an object that looked like a lighter into a fenced-in bushy area. J.H. later told his mother where to find the
lighter. J.H.'s mother reported the location of the lighter to the police, who recovered it from the fenced-in
area.

 An investigating officer testified that T.F. first blamed a person in a blue flannel jacket for
starting the fire. Later, T.F. admitted there was no person in a blue flannel jacket and accused J.H. of
starting the fire. J.H.'s mother testified that T.F.'s mother told her T.F. admitted to starting the fire.



DISCUSSION


 In two points of error, T.F. contends that the evidence at trial was legally insufficient to
support a finding of "true" beyond a reasonable doubt (1) that he started the fire in question and (2) that
he started the fire with the intent to destroy vegetation.

 The critical inquiry on review of the legal sufficiency of the evidence to support a criminal
conviction is whether the record evidence could reasonably support a finding of guilt beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); see Griffin v. State, 614 S.W.2d 155, 159
(Tex. Crim. App. 1981). This Court does not ask whether it believes that the evidence at trial established
guilt beyond a reasonable doubt. Jackson, 443 U.S. at 318-19; see Griffin, 614 S.W.2d at 159. 
Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the
prosecution, any rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Jackson, 443 U.S. at 318-19; see Griffin, 614 S.W.2d at 159. The same standard
applies to a review of the legal sufficiency of evidence in a juvenile adjudication. C.F. v. State, 897
S.W.2d 464, 472 (Tex. App.--El Paso 1995, no writ).

 A person commits arson if he starts a fire or causes an explosion with the intent to destroy
or damage any vegetation, fence, or structure on open space land. Tex. Penal Code Ann. § 28.02 (West
1994). Furthermore, the person must start the fire knowing that the thing burned is (1) within the limits of
an incorporated city or town, (2) insured against damage or destruction, (3) subject to a mortgage or other
security interest, or (4) located on property belonging to another. Id. Alternatively, the person must be
reckless about whether the burning will endanger the life or property of another. Id. We conclude that the
record contains sufficient evidence to prove that T.F. did start the fire and did so with the intent to destroy
vegetation.

 The record contains sufficient evidence from which a rational trier of fact could find that
T.F. was the person who started the fire. The local resident saw him in the field shortly before the fire
started, then running from the field five minutes before the witness saw the field burning. The neighborhood
boy saw T.F. crouching in the field, saw smoke rising from the place T.F. was crouching, and then saw T.F.
run from the field. J.H.'s mother testified that T.F.'s mother said T.F. admitted to starting the fire. J.H.
testified that the fire started at T.F.'s feet and that T.F. threw away what appeared to be a lighter as they
ran away. T.F. gave conflicting accounts as to who started the fire.

 There is also ample evidence from which a rational trier of fact could find that T.F. lit the
fire intending to destroy vegetation. Specific intent may be inferred from T.F.'s remarks, his conduct, and
the surrounding circumstances. C.F., 897 S.W.2d at 472. When circumstantial evidence is used to prove
an element of a crime, the standard of review is the same as that applied to direct evidence. Geesa v.
State, 820 S.W.2d 154, 158 (Tex. Crim. App. 1991) (quoting Griffin, 614 S.W.2d at 159).

 A rational jury could have inferred from T.F.'s admission to his mother and from the
testimony of the witnesses who observed his conduct in the field that he intended to start the fire and burn
the field. Furthermore, J.H. testified that T.F. was smiling and giggling as he looked down at the kindling
fire.

 Because J.H. admitted that he was in the field with T.F. at the time the fire started, the jury
was instructed on the law relating to accomplice witness testimony. An adjudication of delinquent conduct
may not be had upon the testimony of an accomplice unless corroborated by other evidence. Tex. Fam.
Code Ann. § 54.03(e) (West 1996). Accomplice testimony is corroborated when, after excluding the
accomplice's testimony, the remaining testimony tends to connect T.F. to the commission of the crime. In
re L.G., 728 S.W.2d 939, 943 (Tex. App.--Austin 1987, writ denied). The same test for corroboration
of accomplice testimony is used in adult and juvenile proceedings. In re A.D.L.C., 598 S.W.2d 383, 385
(Tex. Civ. App.--Amarillo 1980, no writ).

 Assuming without deciding that the jury did determine that J.H. was an accomplice, other
evidence in the record corroborated his testimony. Two witnesses saw T.F. in the field just before the fire
began and then saw T.F. running from the field almost immediately before the witnesses saw the fire. T.F.
admitted being present when the fire began and stated that a cigarette lighter was used to start the fire; the
police recovered a lighter in a fenced-in area near the fire; and T.F.'s mother reportedly stated T.F. told
her he started the fire.

 We hold the evidence legally sufficient to support the jury's verdict and overrule T.F.'s two
points of error.



CONCLUSION


 Having overruled T.F.'s two points of error, we affirm the trial court's judgment.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: October 2, 1996

Do Not Publish



3 U.S. at 318-19; see Griffin, 614 S.W.2d at 159. 
Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the
prosecution, any rational trier of fact could have found the esse