905 S.W.2d 56 (1995)
In the Matter of C.M.G.
No. 03-94-00303-CV.
Court of Appeals of Texas, Austin.
August 16, 1995.
Pamela Jackson Sigman, Juvenile Public Defender, Austin, for appellant.
Ronald Earle, District Attorney and William M. Hines, Assistant District Attorney, Austin, for appellee.
Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.
JONES, Justice.
C.M.G. was adjudicated delinquent after being found to have committed the offense of unauthorized use of a motor vehicle. See Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 31.07, 1973 Tex.Gen.Laws 883, 932 (Tex.Penal Code Ann. § 31.07, since amended). In a single point of error, C.M.G. contends on appeal that the trial court erred *57 because his conviction was based upon uncorroborated accomplice testimony. We will affirm.

BACKGROUND
Around 2:30 a.m. on January 24, 1994, Sandra Hightower's blue Chevy Suburban was stolen from in front of her home. Hightower immediately reported the theft to the police. Within seconds of the police broadcast concerning the stolen vehicle, Officer Robert Benfer spotted the Suburban while on routine patrol. Benfer followed the Suburban, awaiting backup officers. Officers Gena Brewster and James Green responded. The officers then attempted to stop the Suburban. Instead of complying, the driver of the Suburban sped away, ultimately running into a curb and up an embankment. There were six juveniles in the Suburban. Three juvenile males exited the driver's side and fled; Officer Green gave chase and eventually caught one of them. Officers Benfer and Brewster successfully apprehended three female juveniles who had remained in the Suburban. One of these three was Mona Moreno. Moreno told the officers that C.M.G. was the driver of the Suburban.
Because he was already on probation following a previous adjudication of delinquency, C.M.G. was charged in a motion to modify disposition with the third degree felony offense of unauthorized use of a motor vehicle.[1] At the disposition hearing, the State called four witnesses. Hightower testified that she was the lawful owner of the Suburban and that she had not given C.M.G. permission to use it. Officer Benfer testified about the initial spotting of the Suburban, its failure to stop, the flight of the three male juveniles (none of whom he could identify), and the ultimate apprehension of the three female juveniles, including Moreno.
Officer Green testified that after the vehicle stopped he saw three juveniles exit the driver's side door. The first one was a Black male wearing a checkered black and white flannel shirt. The second was a Hispanic male wearing a pinkish-colored tank top. The third was a small Hispanic male wearing a dark T-shirt. After chasing the juveniles, Green caught the third male. Green testified that since the Black male exited first, he must have been the driver. As to the identity of the Black male, Green testified that he saw the side of his face and that although he did not immediately recognize him, he looked like someone he knew from the area, C.M.G.
Moreno testified that the juveniles were riding in a Trans-Am in the early morning of January 24, 1994 when they spotted the parked Suburban. One of the juveniles, identified only as "Roy," decided to steal it. After completing the theft, Moreno and the others got into the Suburban for more joyriding. She further testified that she did nothing to stop the theft, knew the vehicle had been recently stolen, and had fun riding in it. Finally, she identified C.M.G. as the driver of the Suburban on the night of the theft and also made an in-court identification of C.M.G.
Following these witnesses, both sides rested. The court then found Moreno to be an accomplice witness[2] requiring corroboration under section 54.03(e) of the Family Code. See Tex.Fam.Code Ann. § 54.03(e) (West 1986). Further, the court found that Officer Green's testimony, while not making a positive identification of C.M.G., was sufficient corroboration of Moreno's testimony. Concluding that C.M.G. was guilty of the offense of unauthorized use of a motor vehicle, the court adjudged him of having engaged in delinquent conduct and placed him on probation in an intensive supervision program. C.M.G. now appeals this adjudication, raising the single point of error that Green's testimony *58 is insufficient to corroborate the testimony of accomplice witness Moreno.

DISCUSSION
Section 54.03(e) of the Family Code requires corroboration of accomplice testimony in juvenile delinquency proceedings:
An adjudication of delinquent conduct or conduct indicating a need for supervision cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the child with the alleged delinquent conduct or conduct indicating a need for supervision; and the corroboration is not sufficient if it merely shows the commission of the alleged conduct.
Tex.Fam.Code Ann. § 54.03(e) (West 1986). The accomplice witness language in section 54.03(e) is identical in substance to article 38.14 of the Code of Criminal Procedure;[3] therefore, it is proper to look to the decisions of the Court of Criminal Appeals under article 38.14 as guidelines for the interpretation of section 54.03(e). In re L.G., 728 S.W.2d 939, 943 (Tex.App.-Austin 1987, writ ref'd n.r.e.).
Under the accomplice-witness rule, it is not necessary for the non-accomplice evidence to be sufficient in itself to establish the accused's guilt beyond a reasonable doubt. Gill v. State, 873 S.W.2d 45, 48 (Tex. Crim.App.1994). Nor is it required that the non-accomplice evidence directly link the accused to the crime. Id.; Reed v. State, 744 S.W.2d 112, 126 (Tex.Crim.App.1988). "All that is required is that there be some nonaccomplice evidence which tends to connect the accused to the commission of the offense alleged in the indictment." Gill, 873 S.W.2d at 48 (emphasis in original). The phrase "tends to connect" has the ordinary dictionary definition, "to serve, contribute or conduce in some degree or way ... to have a more or less direct bearing or effect." Holladay v. State, 709 S.W.2d 194, 198 (Tex. Crim.App.1986) (quoting Boone v. State, 90 Tex.Crim. 374, 235 S.W. 580, 584 (1922)). There is no precise rule as to the amount of evidence that is required to corroborate the testimony of an accomplice; each case must be judged on its own facts. Gill, 873 S.W.2d at 48.
The non-accomplice evidence in this cause established the following: (1) Hightower's Suburban was stolen from in front of her house; (2) after the Suburban was stopped by the police, three males exited from the driver's side; (3) the first person to exit was a Black male; (4) this person must have been the driver of the Suburban; (5) Officer Green usually patrols the area where the vehicle was stopped and is familiar with the juveniles in that area; and (6) from a profile view, the Black male resembled a juvenile whom Officer Green knew from the neighborhood, C.M.G.[4] The sole issue in this appeal is whether this non-accomplice evidence, especially the testimony of Officer Green, tends to connect C.M.G. with the unauthorized use of Hightower's Suburban. We conclude it does.
As the court of criminal appeals instructs, the tends-to-connect standard does not present a high threshold. The rule simply reflects a legislative determination that accomplice testimony should be viewed with some level of caution. Gill, 873 S.W.2d at 48. In this case, Officer Green's testimony tends to connect C.M.G. with the offense. While *59 Green was unable to make a positive identification of C.M.G. because of his immediate flight from the scene, Green testified that the fleeing suspect "looked like" a juvenile he knew from the area, C.M.G. "Even if the identification were not positive, it need not be positive to provide sufficient corroboration." Cooper v. State, 631 S.W.2d 508, 510 (Tex.Crim.App.1982); see Griffin v. State, 486 S.W.2d 948, 950 (Tex.Crim.App.1972).
C.M.G. contends that Cooper and Griffin are distinguishable because there was additional evidence in those cases that also could corroborate the accomplice testimony. While there was additional corroborating evidence in both cases, the court's language does not suggest that a less-than-positive identification requires such additional evidence, and appellant has been unable to direct us to any authority so holding.
This cause is also distinguishable from other situations in which courts of appeals have found insufficient corroboration of juvenile accomplice testimony. See In re J.R.R., 689 S.W.2d 516, 519 (Tex.App.-Fort Worth) (reversing for insufficient corroboration where accomplice witness "was the only witness who in any way connected appellant to the crime"), modified, 696 S.W.2d 382 (Tex.1985); In re A.D.L.C., 598 S.W.2d 383, 385-86 (Tex.Civ.App.-Amarillo 1980, no writ) (holding insufficient corroboration where non-accomplice evidence merely placed juvenile in same city and no evidence placed youth at scene of crime). In contrast, Green's testimony, while not a positive identification, does tend to connect C.M.G. to both the scene of the crime and its commission. Admittedly, the State would probably be unable to obtain a criminal conviction based solely on Green's testimony. Likewise, not all of the elements of the offense are demonstrated from his testimony alone. However, satisfaction of the accomplice-witness rule does not require this heavy burden. See Gill, 873 S.W.2d at 48.

CONCLUSION
Based on the facts and circumstances of this case, we conclude that Officer Green's testimony tends to connect C.M.G. with the offense charged. This non-accomplice evidence sufficiently corroborates Moreno's testimony that C.M.G. committed the offense. We overrule point of error one. The trial-court judgment is affirmed.
NOTES
[1] Unauthorized use of a motor vehicle was a third degree felony at the time of the offense. See Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 31.07, 1973 Tex.Gen.Laws 883, 932 (Tex.Penal Code Ann. § 31.07, since amended). The offense is now a state jail felony. Tex.Penal Code Ann. § 31.07(b) (West 1994).
[2] On appeal, the State argues, inter alia, that Moreno was not an accomplice requiring corroboration. In his ruling from the bench, the trial judge did not state whether he found Moreno was an accomplice as a matter of law or in his role as fact-finder. We conclude that there is some evidence, found in Moreno's testimony, on which the trial court could base an accomplice finding as a matter of fact. Because of our resolution of the corroboration issue, we will not belabor this point with additional discussion.
[3] Article 38.14 provides: "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." Tex.Code Crim.Proc.Ann. art. 38.14 (West 1979).
[4] Officer Green's testimony was as follows:

Q: Do you usually patrol that area, in that area?
A: Yes, ma'am, I do.
Q: And are you familiar with a lot of the juveniles in that area?
A: Yes, ma'am, I am.
Q: And did hedid this person that you see [sic] exit the vehicle, the driver's side of the vehicle, did he look like anybody else that you knew in that area?
A: Yes, ma'am, he did.
. . . . .
Q: Did he look like someone that you know?
A: Yes.
Q: And who is that person that you know from the streets?
A: [C.M.G.]