cv6-145 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN









NO. 03-96-00145-CV









In the Matter of N. P. R.









FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-14,232, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING








 This is an appeal of a judgment adjudicating appellant, a juvenile, to have engaged in
delinquent conduct. Appellant contends the juvenile court's judgment was not supported by legally
sufficient evidence. We disagree and will affirm the judgment.



BACKGROUND


 On July 21, 1995, Mr. Willie Stockton left his home for several hours. He returned to find
a room in his home had been burglarized. Police later charged appellant, among others, with commission
of the offense.

 At the adjudication hearing held pursuant to Section 54.23 of the Texas Family Code, the
State presented several witnesses who testified about the details of the alleged offense. According to the
State's witnesses, when Stockton left his home, his granddaughter, "Carrie," (1) remained in the house. After
Stockton left, Carrie allowed three of her friends, namely appellant, "Danny," and "Randy," into the home. 
Once inside, appellant convinced Carrie to allow her friends to steal her grandfather's valuables. Carrie
waited while Randy took a locked interior door off its hinges and removed valuables from the room behind
it. The group carried the valuables to Randy's car and took the stolen items to the home of another friend,
Jennifer Gill, in San Marcos. Jennifer came outside and Danny asked her to help the group pawn the items
in Randy's car. Jennifer accompanied the group to a pawn shop in south Austin and tried to pawn the
stolen items. The pawn shop agreed to buy only some rings and appellant took the proceeds of the sale
from Jennifer. When Stockton returned home, he found the interior door off its hinges and several items
missing, including a gun, a VCR, a cassette player, two cameras, and a knife. Although Stockton did not
report any jewelry stolen, he testified that he had kept his wife's rings in the burglarized room.

 Appellant did not present any evidence on his behalf at the adjudication hearing but argued
the State had not met its burden of proof. The court adjudicated appellant delinquent and committed him
to the custody of the Texas Youth Commission. This appeal ensued.



DISCUSSION


 In his sole point of error, appellant contends the juvenile court's judgment is not supported
by legally sufficient evidence. Appellant argues the State's only evidence linking him to the crime was
supplied by Carrie, an accomplice to the offense. (2) Appellant contends the State's failure to present
corroborating evidence renders the evidence legally insufficient because the Texas Family Code forbids a
court to adjudicate delinquency upon uncorroborated accomplice testimony. See Tex. Fam. Code Ann.
§ 54.03(e) (West 1996). The State responds that the accomplice testimony was corroborated and the
judgment was, therefore, supported by legally sufficient evidence.

 A court may determine that a juvenile has committed delinquent conduct based on
accomplice testimony only if the testimony is corroborated by other evidence tending to connect the child
with the alleged delinquent conduct. Id. Although it is clear that evidence is not sufficiently corroborative
if it merely shows the commission of the alleged conduct, id., there is no precise rule as to the amount of
evidence required to corroborate accomplice testimony. In re C.M.G., 905 S.W.2d 56, 58 (Tex.
App.--Austin 1995, no writ). Each case must be judged on its facts. Id. We note corroborative evidence
need not be sufficient to establish guilt, nor is it necessary for the corroborating evidence to directly link the
accused to the crime. See id. All that is required is that there be some non-accomplice evidence which
tends to connect the accused to the commission of the offense. Id.

 To determine a no-evidence challenge to the sufficiency of corroborative evidence in a
juvenile adjudication, we must set aside the accomplice testimony, focus on the evidence tending to support
the findings under attack, and view the evidence in the light most favorable to the prosecution. See Jackson
v. Virginia, 443 U.S. 307, 318-19 (1979); In re L.G., 728 S.W.2d 939, 942-43 (Tex. App.--Austin
1987, ref'd n.r.e.). We must then determine whether a rational trier of fact could have found beyond a
reasonable doubt that the juvenile committed the offense. Jackson, 443 U.S. at 318-19.

 Setting aside Carrie's testimony, we focus on the testimony of a non-accomplice witness,
Jennifer. Jennifer identified appellant in court as the person she met the day she went to the pawn shop. (3) 
She saw appellant with the allegedly stolen property in Randy's car. Appellant was not only present when
Jennifer tried to pawn the property, he also took the proceeds from the sale of some rings. Stockton
testified to keeping his wife's rings in the burglarized room. After reviewing the evidence in the light most
favorable to the prosecution, we conclude Jennifer's testimony tended to connect appellant to the theft of
Stockton's property. A rational trier of fact could have concluded beyond a reasonable doubt that
appellant participated in the theft. Therefore, we hold the accomplice testimony was corroborated and the
evidence was legally sufficient to support the judgment.



CONCLUSION


 Because we hold the judgment is supported by legally sufficient evidence, we overrule
appellant's point of error and affirm the judgment of the juvenile court.



 

 Jimmy Carroll, Chief Justice


Before Chief Justice Carroll, Justices Kidd and B. A. Smith


Affirmed


Filed: December 5, 1996


Do Not Publish

1.   The names of juveniles who participated in the offense have been changed for purposes
of this opinion.
2.   The State does not challenge appellant's characterization of Carrie as an accomplice.
3.   During its direct examination of Jennifer, the prosecution asked whether the person
Jennifer knew by appellant's name was in the courtroom. Jennifer responded that she was not
sure because she could not remember what he looked like. Shortly thereafter, the prosecutor
asked the court to have appellant stand so the witness could say whether she independently
recalled appellant's identity. Appellant's attorney objected but stated no legal basis for the
objection. The court overruled the objection and directed appellant to stand. Jennifer then
identified appellant.

 

 On appeal, appellant argues the court should not have based its judgment on Jennifer's
identification because she originally stated she could not remember his identity. Again,
appellant states no legal basis for excluding Jennifer's identification testimony. Because no
proper objection to the testimony is before us, we conclude the testimony was admissible. The
fact that the witness appeared to contradict herself affects, if anything, the weight of the
evidence rather than the admissibility. Appellant essentially admits this by couching his
argument in terms of whether the identification had any "probative value."


e C.M.G., 905 S.W.2d 56, 58 (Tex.
App.--Austin 1995, no writ). Each case must be judged on its facts. Id. We note corroborative evidence
need not be sufficient to establish guilt, nor is it necessary for the corroborating evidence to directly link the
accused to the crime. See id. All that is required is that there be some non-accomplice evidence which
tends to connect the accused to the commission of the offense. Id.

 To determine a no-evidence challenge to the sufficiency of corroborative evidence in a
juvenile adjudication, we must set aside the accomplice testimony, focus on the evidence tending to support
the findings under attack, and view the evidence in the light most favorable to the prosecution. See Jackson
v. Virginia, 443 U.S. 307, 318-19 (1979); In re L.G., 728 S.W.2d 939, 942-43 (Tex. App.--Austin
1987, ref'd n.r.e.). We must then determine whether a rational trier of fact could have found beyond a
reasonable doubt that the juvenile committed the offense. Jackson, 443 U.S. at 318-19.

 Setting aside Carrie's testimony, we focus on the testimony of a non-accomplice witness,
Jennifer. Jennifer identified appellant in court as the person she met the day she went to the pawn shop. (3) 
She saw appellant with the allegedly stolen property in Randy's car. Appellant was not only present when
Jennifer tried to pawn the property, he also took the proceeds from the sale of some rings. Stockton
testified to keeping his wife's rings in the burglarized room. After reviewing the evidence in the light most
favorable to the prosecution, we conclude Jennifer's testimony tended to connect appellant to the theft of
Stockton's property. A rational trier of fact could have concluded beyond a reasonable doubt that
appellant participated in the theft. Therefore, we hold the accomplice testimony was corroborated and the
evidence was legally sufficient to support the judgment.



CONCLUSION


 Because we hold the judgment is supported by legally sufficient evidence, we overrule
appellant's point of error and affirm the judgment of the juvenile court.



 

 Jimmy Carroll, Chief Justice


Before Chief Justice Carroll, Justices Kidd and B. A. Smith


Affirmed


Filed: December 5, 1996


Do Not Publish

1.   The names of juveniles who participated in the offense have been changed for purposes
of this opinion.
2.   The State does not challenge appellant's characterization of Carrie as an accomplice.
3.   During its direct examination of Jennifer, the prosecution asked whether the person
Jennifer knew by appellant's name was in the courtroom. Jennifer responded that she was not
sure because she could not remember what he looked like. Shortly thereafter, the prosecutor
asked the court to have appellant stand so the witness could say whether she independently
recalled appellant's identity. Appellant's attorney objected but stated no legal basis for the
objection. The court overruled the objection and directed appellant to stand. Jennifer then
identified appellant.

 

 On appeal, appellant argues the court should not h