Arriba Limited, a Bahamas Corporation v. The Petroleum Workers Union of the Republic of Mexico and the Commission of Contracts of the General Executive Committee of the Petroleum Workers Union of the Republic of Mexico















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-165-CV

     ARRIBA LIMITED, a Bahamas Corporation,
                                                                         Appellant
     v.

     THE PETROLEUM WORKERS UNION
     OF THE REPUBLIC OF MEXICO AND
     THE COMMISSION OF CONTRACTS
     OF THE GENERAL EXECUTIVE COMMITTEE
     OF THE PETROLEUM WORKERS UNION
     OF THE REPUBLIC OF MEXICO,
                                                                         Appellees
 

From the 281th District Court
Harris County, Texas
Trial Court # 89-07592
                                                                                                                          
                                                                                                        
OPINION DENYING REHEARING
                                                                                                                          

      Arriba Limited (“Arriba”) appealed from a take-nothing judgment in its suit against the Petroleum
Workers Union of the Republic of Mexico and the Commission of Contracts of the General Executive
Committee of the Petroleum Workers Union of the Republic of Mexico (the “Union” and the
“Commission”). In an opinion dated October 27, 1999, we reversed the judgment and remanded this cause
for a new trial on the basis that the court erroneously excluded deposition testimony and this error likely
caused the rendition of an improper judgment. 
      The Union and the Commission have filed a motion for rehearing asserting, in part, that our opinion
erroneously failed to address the defense of illegality in which they assert that the joint venture agreement
Arriba claims was breached was illegal and therefore unenforceable. However, the defense of illegality
was raised as a ground for summary judgment. The Union and the Commission asserted on appeal and
reurge in this motion for rehearing that the judgment should be affirmed because the trial court erroneously
denied their motions for summary judgment on this basis. 
      The denial of a motion for summary judgment is an interlocutory order and, thus, generally not
appealable. See Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 625 (Tex. 1996); Coker v. Cramer
Financial Group, Inc., 992 S.W.2d 586, 593 (Tex. App.—Texarkana 1999, no pet.) (“Coker's motion to
dismiss is in essence a motion for summary judgment because it asks the trial court to summarily rule that,
as a matter of law, Cramer has no claim or right to enforce the notes. Generally, with few exceptions, the
denial of a motion for summary judgment is not reviewable on appeal because it is not a final judgment.”). 
We will not address claims by the Union and the Commission that the court should have granted a summary
judgment. Id.
      The motion for rehearing is denied.
 
                                                                       BILL VANCE
                                                                       Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Motion for rehearing denied
Opinion delivered and filed November 24, 1999
Do not publish



. 
Jeremy testified that the fight was between Kutchka and himself. He did not see Adam or K.B.
involved in the fight. He testified that a metal pipe almost hit him while he was fighting
Kutchka. After the fight he threw the metal pipe in a field. After he was arrested, Jeremy
testified that he called K.B. and told him that he was being charged with assaulting Kutchka
with a pipe. K.B. asked why Jeremy was being charged with that offense because K.B. was
the one with the metal pipe, and during the fight he almost hit Jeremy with it.
Kutchka
      Kutchka testified that before the fight, he had an argument with a kid making noises, but
he did not know if that kid was K.B. That night a group of kids started coming towards him
saying that they were going to molest his infant daughter. Eight to ten of them encircled him,
and then the fight began. A brick was thrown at his head, but he did not see who threw it. He
punched the person that threw the brick and remembers being hit with a piece of wood, but
cannot remember anything after that. He testified that he does not remember being hit with a
metal pipe or if K.B. was at the fight.
Laura Kutchka
      Laura is Kutchka’s twenty-year-old wife. She testified that she did not see K.B. earlier
that day. The kid making noises at her was Alex, not K.B. That night, she saw eight to
twelve kids all beating her husband. Kutchka was hit with a brick and then fell down. The
weapons she saw involved in the fight were a metal pole, a two-by-four, and a brick, but she
could not say who was wielding these items. The only one of the boys she could positively
identify at the scene was K.B., but she never saw K.B. involved in the fight, or strike Kutchka
with a pipe or a wrench. She testified that K.B. approached her after the fight wielding a
wrench and threatened her, telling her to move out of the way.  
Florence Baker
      Florence is Laura Kutchka’s eighteen-year-old friend. She had seen K.B. earlier that day
at the pond smoking cigarettes. That night she saw ten to twelve boys at the pond. Two of the
boys came toward Kutchka and danced around him like boxers. Then, the two boys jumped
Kutchka, and the rest of the boys attacked. She identified Adam as one of the two boys, but
K.B. was not one of the two. K.B. was involved in the fight. She saw him run past her and
then jump in with the rest of the boys. She saw him hit Kutchka twice in the chest, but he did
not have any weapons. She saw a wrench in the fight, but cannot say who had it. During the
fight, she saw Laura Kutchka throw a flashlight at the boys in the fight. In Alex’s trial, which
occurred ten days before K.B.’s, she identified Alex as the boy she had seen at the pond earlier
that day, and as the boy who hit Kutchka twice in the chest.
Officer Alber
      Officer Alber is one of the police officers who arrived at the scene after the fight was
over. He testified that a brick was found at the scene along with a broken piece of wood. The
wood was veneer-type wood and not a conventional two-by-four. No metal pipe was found at
the scene. Kutchka was bleeding but did not require hospitalization.
Officer Compton
      Officer Compton arrested K.B. for his involvement in the assault. The day after the fight,
he found two wrenches in K.B.’s pocket during a search incident to an arrest. K.B. said that
the wrenches were for his bicycle. When the officer explained why he was there, K.B.
responded that he was at home that night. Then K.B. said that he was jumped that night and
needed the wrenches to protect himself because a G.I. had shot his friend with a BB gun. At
the station, K.B. told the officer, “The GI cut me with a knife, and you say I assaulted him?”
 

Adam
      Adam, eighteen at the time of the incident, was unavailable for trial, so the defense
attorney read his statement into the record before the jury. Adam stated that K.B. called him
and told him what happened earlier with Kutchka. He also stated that K.B. was never involved
in the fight.
Angela Kuntz
      Angela Kuntz also witnessed the fight. She saw about ten kids approach and argue with
Kutchka. A fight ensued. She testified that K.B. did not participate in the fight.
ACCOMPLICE TESTIMONY
      The Texas Family Code does not allow accomplice testimony in adjudication hearings
unless it is corroborated. See Tex. Fam. Code Ann. § 54.03(e) (Vernon 2004). 
Corroboration is sufficient if it tends to connect the juvenile to the delinquent conduct. Id. 
Because section 54.03(e) is similar to article 38.14 of the Code of Criminal Procedure (the
criminal accomplice testimony statute), we look to the Texas Court of Criminal Appeals for
guidance as to how section 54.03(e) should be interpreted. In re C.M.G., 905 S.W.2d 56, 58
(Tex. App.—Austin 1995, no writ).
      We must first ascertain which of the witnesses were accomplices. An accomplice is one
who participates in an offense before, during, or after its commission, to the extent that he or
she can be charged with the offense or with a lesser-included offense. Herron v. State, 86
S.W.3d 621, 631 (Tex. Crim. App. 2002); Hardie v. State, 79 S.W.3d 625, 629 (Tex.
App.—Waco 2002, pet. ref’d). A prosecution witness who is indicted for the same offense as
the defendant or a lesser-included offense arising out of the same criminal episode is an
accomplice as a matter of law. Herron, 86 S.W.3d at 631. Adam, Jeremy, Michael, and Alex
were all charged with the same offense as K.B. Therefore, they are all accomplices as a matter
of law. Id.
      To determine whether the accomplices’ testimony is corroborated, we first eliminate the
accomplices’ testimony and then review the remaining evidence to ascertain whether it tends to
connect K.B. to the offense. Solomon v. State, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001);
Hardie, 79 S.W.3d at 630; In re E.F., 986 S.W.2d 806, 810-11 (Tex. App.—Austin 1999,
pet. denied). The non-accomplice evidence does not have to be sufficient in its entirety to
support a conviction beyond a reasonable doubt, nor does it have to directly link K.B. to the
crime. The non-accomplice evidence need only tend to connect K.B. to the offense. McDuff
v. State, 939 S.W.2d 607, 612 (Tex. Crim. App. 1997). The non-accomplice evidence can be
merely circumstantial; however, there is no precise ruling as to the amount or weight of
evidence that is required to corroborate accomplice testimony. Each case must be judged on
its own facts. Gill v. State, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994); C.M.G., 905 S.W.2d
at 58.
      After eliminating the testimony of Adam, Jeremy, Michael, and Alex, we are left with
only the eyewitness testimony of Kutchka, Laura, and Florence. While neither Laura or
Kutchka can identify whether K.B. was involved in the fight, Florence specifically identifies
K.B. and Adam involved in the fight. Though Florence cannot pinpoint K.B. as the individual
who hit Kutchka with a metal pipe, she can identify K.B. as committing some type of assault
upon Kutchka. Corroboration testimony need not prove every element of the offense, but only
give some evidence tending to connect the appellant with the offense. C.M.G., 905 S.W.2d at
58-59. Moreover, it has been held that testimony placing the appellant at the scene and time of
the crime while in the accomplice’s presence is sufficient corroboration testimony. In re
A.D.L.C., 598 S.W.2d 383, 385 (Tex. Civ. App.—Amarillo 1980, no writ) (citing Tompkins
v. State, 501 S.W.2d 132, 134 (Tex. Crim. App. 1973)). Florence’s testimony places K.B. at
the scene and time of the crime and in the presence of one of the accomplices, Adam. 
Therefore, Florence’s testimony, though not sufficient by itself to support a conviction, is
sufficient to corroborate the accomplices’ testimony.
      In his alternative argument, K.B. reasons that even considering the accomplices’
testimony, the evidence is legally and factually insufficient to support the verdict beyond a
reasonable doubt.
LEGAL INSUFFICIENCY
            Juvenile cases require appellate courts to apply the criminal standard of legal
insufficiency review. In re C.P., 998 S.W.2d 703, 708 (Tex. App.—Waco 1999, no pet.). In
reviewing the legal sufficiency of the evidence, we view all the evidence in the light most
favorable to the verdict. Cardenas v. State, 30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000). 
The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Id.; McDuff, 939
S.W.2d at 614.
      The State was required to prove that K.B. (1) intentionally, knowingly, or recklessly (2)
caused bodily injury (3) to Kutchka and (4) during the commission of that offense (5) used or
exhibited (6) a deadly weapon, a metal pipe. Tex. Pen. Code. Ann. § 22.02(a) (Vernon
2004). K.B. argues that there is insufficient evidence for all elements of the offense.
      Looking at all the evidence in support of the verdict, we conclude that there is legally
insufficient evidence that the metal pipe in question was a deadly weapon. A “deadly weapon”
is defined by the Penal Code as “anything that in the manner of its use or intended use is
capable of causing death or serious bodily injury.” Tex. Pen. Code Ann. § 1.07(a)(17)(B)
(Vernon 2004); McCain v. State, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). The Court of
Criminal Appeals has identified certain factors that a jury may consider when analyzing
whether an object is a deadly weapon: (1) the physical proximity between the alleged victim
and the object; (2) any threats or words used by the accused; (3) the size and shape of the
object; (4) the potential of the object to inflict death or serious injury; and (5) the manner in
which the accused allegedly used the object. Brown v. State, 716 S.W.2d 939, 946-47 (Tex.
Crim. App. 1986); Williams v. State, 575 S.W.2d 30, 32-33 (Tex. Crim. App. 1979); see also
Adame v. State, 69 S.W.3d 581, 584 (Tex. Crim. App. 2002) (Meyers, J., concurring); In re
S.B., 117 S.W.3d 443, 446-47 (Tex. App.—Fort Worth 2003, no pet.); Nunez v. State, 117
S.W.3d 309, 323 (Tex. App.—Corpus Christi 2003, no pet.). No one factor is determinative,
and each case must be examined on its own facts. Adame, 69 S.W.3d at 584; Brown, 716
S.W.2d 946-47; Nunez, 117 S.W.3d at 323.
      There is testimony that a metal pipe was involved in the fight; however, there is no
testimony concerning the physical proximity between the victim and the pipe. Though there is
testimony that K.B. cursed at Kutchka, there is no evidence that K.B. threatened Kutchka. 
There is no evidence in the record regarding the pipe’s size and shape.
      The State may use circumstantial evidence to prove an object is a deadly weapon. See
Davidson v. State, 602 S.W.2d 272, 273 (Tex. Crim. App. 1980). An object’s capability to
inflict death or serious bodily injury can be inferred from the way it was used in the
commission of the offense. See id. Yet, there is no testimony as to the manner in which K.B
used the pipe, nor is their any evidence from the victim that he was injured by the pipe. Cf.
S.B., 117 S.W.3d at 446-49 (holding evidence legally insufficient to show that baseball bat
juvenile was carrying when she approached victim was a deadly weapon because juvenile was
not within striking distance of victim, juvenile never swung bat at victim, and victim never felt
threatened with imminent bodily injury).
      Therefore, even after viewing all the evidence in a light most favorable to the verdict, we
find the evidence is legally insufficient for a rational juror to find beyond a reasonable doubt
that the metal pipe was a deadly weapon. Cardenas, 30 S.W.3d at 389-90.
      We are required to reverse a juvenile case if evidence is found to be legally insufficient
unless conditions exist that allow us to reform the judgment.
“[A] court of appeals may reform a judgment of conviction to reflect
conviction of a lesser included offense only if (1) the court finds that the
evidence is insufficient to support conviction of the charged offense but
sufficient to support conviction of the lesser included offense and (2) either
the jury was instructed on the lesser included offense (at the request of a
party or by the trial court sua sponte) or one of the parties asked for but was
denied such an instruction.”

Collier v. State, 999 S.W.2d 779, 782 (Tex. Crim. App. 1999).
In this case, the lesser-included offense of misdemeanor assault was submitted to the jury. 
Given the evidence from many witnesses that K.B. was involved in the fight, we reverse
K.B.’s aggravated assault adjudication and render a judgment of adjudication for the lesser-included offense of misdemeanor assault. Cf. S.B., 117 S.W.3d at 451.
 

CONCLUSIONBecause we have found that the evidence is legally insufficient to support the jury’s verdict
that K.B. used or exhibited a deadly weapon, a metal pipe, during the commission of an
assault, we do not address K.B.’s remaining issues. We reverse the judgment of the juvenile
court and render a judgment of adjudication for misdemeanor assault. We reverse the
disposition order and remand to the juvenile court for a new disposition hearing. Tex. Fam.
Code Ann. § 56.01(I) (Vernon 2004); In re M.C.L., 110 S.W.3d 591, 600 (Tex.
App.—Austin 2003, no pet.).
 
                                                                   FELIPE REYNA
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
      (Justice Gray dissenting)
Reversed, Reformed in part and Remanded in part
Opinion delivered and filed June 16, 2004
[CV06]