In the Matter of C.F., A Juvenile
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-248-CV

IN THE MATTER OF C.F., A JUVENILE

 

From the 77th District Court
Limestone County, Texas
Trial Court # J-444-A
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      C.F. was on “parole” from the Texas Youth Commission, having been sent there for
committing a burglary, when he was accused of committing another burglary. A Petition was
filed, and the case proceeded to a bench trial.
      D.N. and W.H. testified that late one night they and C.F. went in a stolen pickup to a
convenience store that D.N. had burglarized before. Along the way, they somehow got the pickup
stuck on a stump. Burton Winn, who lived about one-half mile from the store, testified that three
boys in a pickup got stuck on a stump on his property about 3 A.M., and he used his tractor to
pull the pickup off the stump. During that process, he shined his flashlight into the cab of the
pickup and saw C.F. He identified all three boys at trial. He also testified that after the boys’
pickup was extracted from the stump, they drove off down the highway in the direction of the
store. D.N. and W.H. testified that after leaving Winn’s property, they went to the store and
burglarized it. Henry Wedgeman testified that C.F. telephoned him after the burglary and
admitted to his role in the crime. C.F. testified and denied any involvement in the burglary,
claiming to have been at the home of two friends. The friends were not called to testify at trial. 
He claimed D.N. and W.H. falsely accused him because they were angry with him for unrelated
reasons.
      The trial court found that C.F. participated in the burglary and remanded him to the custody
of the Texas Youth Commission for an indeterminate period of time not to exceed his twenty-first
birthday. On appeal, C.F. claims the protection of section 54.03 of the Family Code, which states
in part:
 . . . A statement made by the child out of court is insufficient to support a finding of
delinquent conduct or conduct indicating a need for supervision unless it is corroborated
in whole or in part by other evidence. An adjudication of delinquent conduct or conduct
indicating a need for supervision cannot be had upon the testimony of an accomplice
unless corroborated by other evidence tending to connect the child with the alleged
delinquent conduct or conduct indicating a need for supervision; and the corroboration
is not sufficient if it merely shows the commission of the alleged conduct. . . .

Tex. Fam. Code Ann. § 54.03(e) (Vernon Supp. 2001).

      C.F. complains that there is not sufficient “corroborat[ion] by other evidence” aside from the
testimony of D.N. and W.H. We disagree.
      The accomplice-witness language in section 54.03(e) is identical in substance to article 38.14
of the Code of Criminal Procedure, and therefore decisions of the Court of Criminal Appeals
under article 38.14 are applicable when interpreting Section 54.03(e).


 In the Matter of C.M.G.,
905 S.W.2d 56, 58 (Tex. App.—Austin 1995, no writ.). “The test for determining whether
evidence is sufficient to corroborate accomplice testimony is to first eliminate from consideration
the accomplice-witness’ testimony and then examine the other inculpatory evidence to ascertain
whether the remaining evidence independently ‘tends to connect’ the defendant with the offense.” 
In re M.E.R., 995 S.W.2d 287, 290 (Tex. App.—Waco 1999, no pet.) (quoting McDuff v. State,
939 S.W.2d 607, 612 (Tex. Crim. App. 1997)).
      The testimony of Burton Winn places C.F. with the other two boys on the night of the
burglary. He also places all three boys one-half mile from the store and headed in its direction
at 3 A.M. on the night of the burglary. Winn did not know any of the boys, and his credibility
was not assailed. 
      Wedgeman, who lived behind the store that was burglarized, had known C.F. about five
years. He was initially accused of the burglary, in part because he had three prior felony
convictions. Wedgeman testified that C.F. called him soon after the burglary, admitted to
participating in it, admitted the pickup they used was stolen, and said he had approximately $100
in change. Wedgeman could not remember the exact date of the conversation, and admitted that
in his initial statement to police he may have said the date was a Wednesday. (C.F. testified he
was in juvenile custody on Wednesday and could only make telephone calls to his mother.)
      We need not decide whether the testimony of Winn or Wedgeman taken alone is sufficiently
corroborative, because their combined testimony is. Therefore, the issue is overruled.
      The judgment is affirmed.

                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed April 4, 2001
Do not publish