# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-13-00335-CV

### In the Matter of V. G. V., Jr.

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. 3605, HONORABLE DIB WALDRIP, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury found that V.G.V., Jr., appellant, engaged in delinquent conduct by committing the offenses of theft, criminal trespass, and burglary of a motor vehicle. The trial court adjudicated appellant delinquent based on the jury's findings and committed him to the Texas Youth Commission for an indeterminate period of time. In three issues, appellant contends his adjudications of delinquency were based on uncorroborated accomplice testimony and that the non-accomplice evidence is insufficient to connect him to the delinquent conduct. We will affirm.

The State alleged that on the night of December 5, 2012, appellant, a 16-year-old male, and two other men who were not juveniles committed theft of a firearm, criminally trespassed on two properties, and burglarized two motor vehicles. After a jury was empanelled, appellant pleaded "true" to both allegations of criminal trespass and "not true" to the remaining allegations. The two men who were alleged to have committed the offenses with appellant did not testify as witnesses at trial, but their videotaped statements to the police and a video of the two men taken during their detention in a patrol car were shown to the jury during trial. During their discussions

in the patrol car and in their statements made to the police, the two men implicated appellant in the criminal activities that occurred on the night of December 5, 2012.

In this appeal, appellant argues that the two other men were accomplices as a matter of law, attacks the legal sufficiency of the evidence to corroborate their testimony, and contends that the trial court erred by not granting his motion for directed verdict on the ground that the State failed to present sufficient evidence corroborating the alleged accomplice-witness testimony.[1]

Section 54.03(e) of the Texas Family Code requires corroboration of accomplice-witness testimony in juvenile delinquency proceedings:

> An adjudication of delinquent conduct or conduct indicating a need for supervision cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the child with the alleged delinquent conduct or conduct indicating a need for supervision; and the corroboration is not sufficient if it merely shows the commission of the alleged conduct.

Tex. Fam. Code § 54.03(e). The accomplice-witness language in the Family Code is identical in substance to that of article 38.14 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 38.14; *In the Matter of C.M.G.*, 905 S.W.2d 56, 58 (Tex. App.—Austin 1995, no writ).

The accomplice-witness rule reflects a legislative determination that accomplice testimony implicating another person should be viewed with caution because "accomplices often have incentives to lie, such as to avoid punishment or shift blame to another person." *Blake v. State*,

---

[1] Appellant brings three appellate issues making the same challenges with respect to the offenses of theft and burglary of each of the two vehicles. These issues are analytically identical in that they ask this Court to decide whether there was sufficient evidence to corroborate the two men's statements implicating appellant as a participant in the commission of the delinquent conduct. Accordingly, we address the issues together.

971 S.W.2d 451, 454 (Tex. Crim. App. 1998). Under this rule, it is not necessary for the non-accomplice evidence to be sufficient in itself to establish the accused's guilt beyond a reasonable doubt. *Gill v. State*, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994). Nor is it required that the non-accomplice evidence directly link the accused to the crime. *Id.*; *Reed v. State*, 744 S.W.2d 112, 126 (Tex. Crim. App. 1988). "All that is required is that there be *some* non-accomplice evidence which *tends* to connect the accused to the commission of the offense alleged in the indictment." *Gill*, 873 S.W.2d at 48 (emphasis in original). The phrase "tends to connect" has the ordinary dictionary definition, "to serve, contribute or conduce in some degree or way . . . to have a more or less direct bearing or effect." *Holladay v. State*, 709 S.W.2d 194, 198 (Tex. Crim. App. 1986) (quoting *Boone v. State*, 235 S.W. 580, 584 (Tex. Crim. App. 1922)). There is no precise rule as to the amount of evidence that is required to corroborate the testimony of an accomplice; each case must be judged on its own facts. *Gill*, 873 S.W.2d at 48.

In the present case, however, neither of the two alleged accomplices testified at trial. Their out-of-court statements recorded on the videotapes played for the jury did not constitute "testimony" of an accomplice and therefore did not need to be corroborated.

> [T]he "testimony" that must be corroborated is that which is adduced "through live witnesses speaking under oath or affirmation in presence of tribunal." . . . [W]e construe the "testimony" contemplated by Article 38.14 to be of the narrower, evidentiary kind, the kind adduced in open court by live witnesses under oath.

*Bingham v. State*, 913 S.W.2d 208, 210 (Tex. Crim. App. 1995) (quoting Black's Law Dictionary 1476 (6th ed. 1990)). Because there was no accomplice-witness testimony adduced at appellant's trial, the corroboration requirement of Family Code section 54.03 was not implicated. The trial court

therefore did not err in denying appellant's directed verdict based on the assertion that the State failed to sufficiently corroborate accomplice-witness testimony. We overrule appellant's three issues.

## CONCLUSION

Having overruled appellant's three issues, we affirm the trial court's order of commitment.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed: April 1, 2014

4